(No. 54263.—

WABASH AREA DEVELOPMENT, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Charles Tannahill *et al.*, Appellees).

*Opinion filed November 13, 1981.—Rehearing denied January 29, 1982.*

Edward M. Vokoun, of Evans & Dixon, of St. Louis, Missouri, for appellant.

William L. Dousman, of Hanagan & Dousman, P.C., of Mt. Vernon, for appellee Charles Tannahill.

Alfred R. Bonaldi, of Keefe & De Pauli, P.C., of East St. Louis, for appellee Edwards County Community Unit District No. 1 High School.

JUSTICE RYAN delivered the opinion of the court:

The employee, Charles Tannahill, sustained injury to his left foot on November 6, 1975, when he fell from a height of approximately 10 feet while engaged in the construction of a house as part of a vocational training program sponsored by respondents, Wabash Area Development, Inc. (Wabash), and Edwards County Community Unit District No. 1 High School (Edwards). An amended application for adjustment of claim was filed with the Industrial Commission alleging that the case came within the borrowed-employee provisions of section 1(a)(4) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1(a)(4)). Neither respondent filed an admission or denial of this allegation as required by statute.

Pursuant to a stipulation between all the parties as to the extent of the injury, the arbitrator awarded the employee 104 weeks' compensation for temporary total disability, and an additional 103 1/3 weeks' compensation for 66 2/3% loss of use of the left foot. This award was entered against respondent Wabash only, after a full hearing and upon a finding that no employment relationship existed between

the employee and respondent Edwards at the time of the accident. On review, the Commission found that the injury had not reached a permanent condition and set aside the award for permanent disability and reinstated the temporary total disability payments. The Commission also ordered Wabash to pay the maximum penalties provided by section 19 of the Act (Ill. Rev. Stat. 1979, ch. 48, pars. 138.19(k), (*l*)), plus attorney fees amounting to 20% of the award under section 16 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.16) for vexatious and unreasonable delay of payment. Although the Commission found an employment relationship existed between the employee and Wabash, its order did not address the issue of respondent Edwards' status as an employer.

After a review in the circuit court of Edwards County, the cause was remanded to the Industrial Commission, pursuant to section 19(f)(2) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)(2)), for the purpose of determining whether an employment relationship existed between the employee and respondent Edwards. On August 5, 1980, the Commission affirmed its prior order but modified its provisions, finding specifically that no employment relationship existed between the employee and Edwards. In addition, Wabash was ordered to pay interest on the award. (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(n).) The order was confirmed by the circuit court, and this appeal followed. 73 Ill. 2d R. 302(a).

We do not reach the merits of this case because the record reveals that the circuit court was without subject matter jurisdiction to hear this cause. The writ of *certiorari* which forms the basis for the judgment appealed from should not have been issued, and this appeal must therefore be dismissed.

Section 19(f)(1) of the Act provides that the circuit court shall, by writ of *certiorari* to the Industrial Commission, have the power to review all questions of law and fact

presented by the record. (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)(1).) This section further provides that "no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission * * *."

On August 5, 1980, the Industrial Commission entered its order on remand from the circuit court. Although no transcript was generated during these proceedings on remand, the Commission, nonetheless, set the probable cost of the record on appeal at $175. On August 18, 1980, Wabash filed a praecipe for a writ of *certiorari,* which was issued by the clerk on that date. No bond was filed in conjunction with this application for review, and no receipt showing payment of the costs as fixed by the Commission was exhibited to the clerk prior to the issuance of the writ. The employee filed a motion in the circuit court to quash the writ, based upon these alleged statutory defects in the procurement of the writ. In confirming the Commission's order on remand, the circuit court denied the motion to quash and held that no new receipt or bond was required.

This court has repeatedly held that while circuit courts are considered courts of general jurisdiction, when hearing cases on *certiorari* to the Industrial Commission they exercise a special statutory jurisdiction, which can properly be invoked only by strict compliance with the statute. (*Perusky v. Industrial Com.* (1978), 72 Ill. 2d 299, 301; *International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180, 185; *Boalbey v. Industrial Com.* (1977), 66 Ill. 2d 217, 218; *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 277; *Peter H. Clark Lodge No. 483, I.B.P.O.E. v. Industrial Com.* (1971), 48 Ill. 2d 64, 68.) In this regard, any presumption of subject matter jurisdiction which may otherwise obtain is lost, so that compliance with the statutory requirements for the issuance

of the writ must affirmatively appear in the record. *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, 195; *Keal v. Rhydderck* (1925), 317 Ill. 231, 236; *Cobe v. Guyer* (1908), 237 Ill. 516, 520; *Chicago & Northwestern Ry. Co. v. Galt* (1890), 133 Ill. 657, 668.

In *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, this court observed that the purpose of requiring that a receipt be exhibited to the clerk before a writ of *certiorari* is issued is to coerce payment of an amount sufficient to cover the cost of preparing the record. (*Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 278.) In *Berry,* no receipt was exhibited to the clerk; however, prior to the issuance of the writ, the deputy clerk telephoned the Industrial Commission and was informed that the costs had been paid. Moreover, the record revealed that a check for $200 in payment of the costs had been forwarded to the Industrial Commission before the writ of *certiorari* was issued. This court held that physical exhibition of a receipt to the clerk was not required and that so long as payment in fact has been made prior to the issuance of the writ, the purpose of section 19(f)(1) has been fulfilled. *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 278.

In *Republic Steel Corp. v. Industrial Com.* (1964), 30 Ill. 2d 311, this court specifically overruled that portion of *Village of Glencoe v. Industrial Com.* (1933), 354 Ill. 190, which held that formal written approval of a bond by the clerk was required prior to the issuance of a writ of *certiorari.* This holding was a response to the then-recognized tendency "to simplify procedure, to honor substance over form and to prevent technicalities from depriving a party of the right to be heard." (*Republic Steel Corp. v. Industrial Com.* (1964), 30 Ill. 2d 311, 313.) This sentiment was echoed in *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 278, and has been recently approved by this court in *Lee v. Industrial Com.* (1980), 82 Ill. 2d 496. However, germane to the holdings in these cases is that the record in

each of them established beyond question that the substance of section 19(f) had been fulfilled by the party seeking review. The same cannot be said for the case now before us.

The record before this court does not contain a copy of any receipt showing the payment of costs as set by the Commission in the August 5, 1980, order entered after remand from the first review by the circuit court. There can be no question that this order would have become the final order of the Commission and not subject to review unless a new writ of *certiorari* was properly obtained. (*Western Shade Cloth Co. v. Industrial Com.* (1927), 325 Ill. 570, 573; Ill. Rev. Stat. 1979, ch. 48, par. 138.19(f)(2).) Consequently, it was incumbent upon respondent Wabash, the party seeking review of this order, to comply with section 19(f)(1) prior to the issuance of the writ by the circuit court on August 18, 1980.

Respondent Wabash's request for preparation of the record in this appeal included a request for a receipt from the Industrial Commission dated August 26, 1980. Presumably, this is the paid receipt for the costs set by the Commission in its order dated August 5, 1980. Despite this request, no such receipt can be found in the record. However, even if such a receipt could be produced, it would simply establish that the receipt was dated after the writ was issued by the circuit court on August 18, 1980, and after a motion was filed on August 20 to quash the writ because of the absence of a receipt. In fact, the only evidence of any receipt having been filed in this case is found in the clerk's "Record Sheet," which contains the following entry, "9/2/80 copy of receipt filed." This entry likewise evidences the fact that the writ of *certiorari* issued August 18, 1980, should not have been given. If there was a receipt issued by the Commission, it was apparently executed after the writ had issued and was likewise filed with the clerk after the writ had issued. Although the statute does

not require that the receipt be filed, it appears that the receipt in this case could not have been "exhibited to the clerk of the Circuit Court" before the writ was issued. Thus, the clerk issued the writ outside the statutory requirement that such receipt be exhibited to the clerk *before* the writ is issued. Finally, there is no proof in the record that the clerk was otherwise made aware that the costs had in fact been paid, as was the case in *Berry*. As noted earlier, there is no presumption in review of workmen's compensation cases under our statute that the circuit court's jurisdiction has been properly invoked. Despite this court's resolve that substance should prevail over form, respondent Wabash has failed to prove that it substantially complied with the requirements of the Act in attempting to perfect the second review of this cause.

This case has been decided solely on the basis of the failure to comply with the statute requiring that no writ of *certiorari* shall issue unless the party seeking review shall exhibit to the clerk of the circuit court a receipt showing payment of the sums determined to be due to the Commission. Whether or not a new bond is required on the second review by *certiorari* depends upon whether the undertaking of the bond filed in the first review is sufficiently broad to cover the obligations of the second review. We make no determination as to the necessity for filing a new bond for the second review in this case.

In *Glasco Electric Co. v. Department of Revenue*, (1981), 86 Ill. 2d 346, we held that the requirement of section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 451) that a person filing suit under the Administrative Review Act file a bond within 20 days after filing of the complaint is not jurisdictional. The difference between the holding in *Glasco* and that in this case is found in the language of the two statutes. In our case the statute requires that the receipt for payment of the estimated costs to the Industrial Commission be exhibited

*before* the writ of *certiorari* issues. Section 12 of the Retailers' Occupation Tax Act provides that the bond be filed within 20 days *after* the complaint is filed. Also we noted in *Glasco* that the statute authorizes the court, upon dismissal for failure to file a bond, to enter a judgment in the amount of the final assessment of tax. If the failure to file the bond were intended to have jurisdictional consequences we noted that the court, upon dismissal, would be without authority to enter such a judgment.

Because the writ of *certiorari* dated August 18, 1980, was improperly issued, the circuit court was without jurisdiction to enter the order dated December 14, 1980. The resulting judgment is therefore vacated and this appeal dismissed.

*Judgment vacated;*
*appeal dismissed.*