OLIVER McGEHEE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Northern Illinois Gas Company, Appellee).

Second District (Industrial Commission Division)   No. 2—86—0769WC

Opinion filed September 16, 1987.

Michael K. Havrilesko and James P. Devine, both of Williams & Mc-Carthy, P.C., of Rockford, for appellant.

Robert H. Joyce and Julie Ann Garrison, both of Seyfarth, Shaw, Fair-weather & Geraldson, of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The claimant, Oliver McGehee, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*). The claimant sought to recover damages for alleged work-related injuries arising from his employment with Northern Illinois Gas Company (employer). The arbitrator denied the claimant's claim. The Industrial Commission (the Commission) affirmed. The claimant filed for a circuit court review of the Commission's decision. The circuit court subsequently granted the employer's motion to quash, finding that the court did not have jurisdiction to hear the cause as the claimant failed to comply with section 19(f)(1) of the Act. (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1).) The claimant brings this appeal. We affirm.

On May 4, 1981, the claimant allegedly injured his back while driving a truck and operating a backhoe for the employer. On September 14, 1984, the Commission affirmed the arbitrator's decision that the claimant failed to prove that he was temporarily totally disabled as a result of his accidental injuries while in the employ of the employer. In its decision, the Commission also determined the probable costs of the record. On September 19, 1984, the claimant received the Commission's decision.

On September 26, 1984, the claimant sent to the Commission a check for the probable costs of the record accompanied by a letter of transmittal. The record indicates that on September 27, 1984, this payment was received by the Commission. Also on September 27, 1984, the claimant filed for a writ of *certiorari* and a writ of *scire facias*. As evidence of his payment for the record costs, the claimant presented to the circuit court clerk copies of the check and the letter of transmittal sent to the Commission. According to an affidavit by the issuing clerk, based on the copies of the check and letter as well as the attorney's reputation, she was satisfied that the payment had been duly sent. The clerk subsequently issued the writs.

On June 19, 1986, the employer filed a motion to quash the writs,

alleging that there was no proof that a receipt from the Commission for the payment of the probable costs of the record had been exhibited to the clerk or that the clerk had been satisfied that the Commission had actually received the payment. The court allowed the motion, dismissing the matter for lack of subject matter jurisdiction.

The sole issue on appeal is whether the motion to quash the writs was properly granted where the claimant failed to present to the clerk a receipt documenting the payment of the probable costs of the record as required by section 19(f)(1) of the Act.

The claimant argues that in light of section 19(f)(1) as amended on September 25, 1985, and the supreme court's interpretation of section 19(f)(1) in *Berry v. Industrial Com.* (1973), 55 Ill. 2d 274, 302 N.E.2d 277, the statute now requires only that: (1) payment actually be made; and (2) the clerk be subjectively satisfied that payment was made. The claimant asserts that both of these requirements were met as evidenced by the Commission's receipt and the clerk's stated satisfaction that payment had been sent. The claimant asks this court to retroactively apply amended section 19(f)(1) to this cause.

The employer counters that the claimant's failure to strictly comply with the requirement of section 19(f)(1) to present to the clerk a receipt for payment of the record costs deprived the circuit court of subject matter jurisdiction in the instant cause. The employer also argues that *Berry* requires a clerk to know that the Commission has received payment and not merely believe that payment has been made.

A virtually identical argument was made by the claimant in *Malone v. Industrial Com.* (1986), 141 Ill. App. 3d 116, 489 N.E.2d 1167, wherein this court was asked to retroactively apply the statutory amendment to facts indistinguishable from those present here. In *Malone*, this court held the amendment should not be retroactively applied and the circuit court lacked subject matter jurisdiction. As will be discussed more fully, we perceive no reason to depart from our previous holding on the basis of the arguments presented here.

Initially, this court notes that the claimant filed a *praecipe* for writ of *certiorari* and a writ of *scire facias*, using the statutory language of section 19(f)(1) prior to its amendment in 1983 instead of filing a written request for summons as the statute presently requires. The employer has not objected to that procedure.

At the time the claimant filed for circuit court review, section 19(f)(1) provided as follows:

> "A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission[ ] *** and no request for a summons may be filed and no summons

shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined to the Secretary or Assistant Secretary of the Commission ***." (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1).)

In *Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 508-09, 451 N.E.2d 866, 867, the supreme court stated:

"While circuit courts are courts of general jurisdiction and enjoy a presumption of subject matter jurisdiction, this presumption is not available in compensation cases, where the court is exercising special statutory jurisdiction. Strict compliance with statutory requirements for the issuance of the writ must affirmatively appear in the record. [Citations.] The Act requires that a litigant who seeks to review a decision of the Industrial Commission *exhibit to the clerk of the circuit court* a receipt showing payment of the amount of the probable cost of the record. If this condition precedent for the issuance of the writ is not met, the circuit court does not have subject matter jurisdiction." (Emphasis in original.)

In *Arrington*, the supreme court discussed *Berry*, wherein the supreme court held that a receipt which showed payment of the amount of the probable costs of the record to the secretary of the Industrial Commission did not have to be physically exhibited to the clerk of the circuit court. That case stated that the clerk need only be satisfied that the costs had been paid before a *praecipe* be filed. The court in *Berry* reasoned that the claimant met the statutory requirement where the court clerk received a letter or telegram from the Commission stating the probable costs had been paid, or a copy of an attorney's cover letter to the Commission transmitting such costs which was followed by the clerk's telephoning the Commission to verify that the check had actually been received.

In *Arrington*, the decision of the Industrial Commission was rendered November 19, 1981, and received by the employer on November 25, 1981. On December 3, 1981, the employer's attorney mailed a check for $125 to the Industrial Commission which was for the payment of the probable costs for the record to be filed. On December 7, 1981, the Industrial Commission issued a receipt for this check and on December 9, 1981, the employer's attorney filed an affidavit with the clerk of the circuit court of Williamson County which stated that he had sent a check to the Industrial Commission on December 3, 1981, to pay the probable costs of record but had not yet received a receipt. On that same date, December 9, 1981, the employer filed a *praecipe*

for a writ of *certiorari*. And on the basis of this affidavit, the clerk issued a writ. There is nothing in the record to show that the clerk was made aware by any means other than the affidavit that the costs of the record had actually been paid to the Industrial Commission.

In *Bemis Co. v. Industrial Com.* (1983), 97 Ill. 2d 237, 454 N.E.2d 319, the attorney made a timely payment of the costs, told the deputy circuit clerk the costs had been paid, exhibited no receipt and the deputy clerk called a day after the writ was issued to verify payment of costs. The supreme court stated: "In accordance with our holding in *Arrington v. Industrial Com.*, we find the writ in the instant case was improperly issued." 97 Ill. 2d 237, 241, 454 N.E.2d 319.

The instant case appears to be on all fours with *Arrington* and *Bemis*. The claimant here admits that no proof of the record establishes that a receipt was physically exhibited to the clerk before the issuance of the writ. Although, as the employee argues, *Berry* (1973) relaxed somewhat the rules of strict statutory requirement, the supreme court, in *Arrington* (1983) and *Bemis* (1983), found that the provision of section 19(f)(1) had not been complied with and went so far as to suggest that the General Assembly consider amending that section to permit proof of payment by affidavit of attorney.

It appears because of that ruling, the General Assembly amended the section to provide for attorney affidavit. The section, as amended, was not in effect at the time of this proceeding. Regardless, in the instant case, there was no affidavit filed by the attorney.

In this case, no proof in the record establishes that a receipt was physically exhibited to the clerk before the issuance of the writ. There was no affidavit of the attorney filed to show payment, and there was no action taken by the clerk to verify with the commission that the payment had been made.

As the court stated in *Arrington*:

"In seeking to relax further the standards articulated in *Berry* to cover a new situation where no proof exists in the record to show the clerk was actually made aware that the payment had been received, the claimant asks us to create an unacceptable risk that the writ of *certiorari* will be improvidently issued." (*Arrington v. Industrial Com.* (1983), 96 Ill. 2d 505, 510-11, 451 N.E.2d 866, 868.)

The court further stated:

"Any substitute for physically exhibiting the receipt to the clerk must carry with it the same certainty that payment has been received by the Commission as is demonstrated by physically exhibiting the receipt itself. Furthermore, the record of

the circuit court should reflect the nature by which this certainty has been accomplished." 96 Ill. 2d 505, 511, 451 N.E.2d 866, 869.

As stated heretofore, because strict compliance with section 19(f)(1) for the issuance of the writ was not affirmatively shown in the record, the trial court was correct in quashing the writ, and the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

BARRY, P.J., and KASSERMAN, McNAMARA, and WOODWARD, JJ., concur.