MENDOTA TOWNSHIP HIGH SCHOOL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Russel Dean Lubbs, Appellee).

Fourth District (Industrial Commission Division) No. 4—92—0043WC

Opinion filed March 11, 1993.—Rehearing denied May 14, 1993.

Julia A. Donnelly, of Nyhan, Pfister, Bambrick & Kinzie, P.C., of Chicago (Edward M. Pfister, of counsel), for appellant.

Law Offices of Strodel, Kingery & Duree, Associates, of Peoria (Arthur R. Kingery, of counsel), for appellee.

JUSTICE RARICK delivered the opinion of the court:

Mendota Township High School District No. 280 (Mendota) appeals from the award of disability benefits to claimant, Russel Dean Lubbs. Claimant sought benefits pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) for problems with his back stemming from an injury during a basketball game on February 17, 1986, while in Mendota's employ as an athletic coach and science teacher. Approximately six months after the basketball incident, claimant suffered a ruptured disc during a sneezing episode. The arbitrator found a causal connection between the basketball incident and the ruptured disc and awarded claimant $9\frac{2}{7}$ weeks of temporary total disability and 100 weeks of permanent disability representing 20% disability. On appeal, the Industrial Commission (Commission) affirmed the arbitrator's decision, and the circuit court of Champaign County confirmed the Commission's decision. Mendota argues on appeal the Commission's decision finding a causal connection between claimant's condition of ill-being and the basketball injury is against the manifest weight of the evidence.

Claimant testified before the arbitrator that on February 17, 1986, while participating in a varsity basketball scrimmage, he came down with a rebound and immediately felt pain in his lower back. Claimant informed the head coach of his injury and stopped partici-

pating in the scrimmage. The next day, claimant saw his family physician, Dr. Spenader. Dr. Spenader diagnosed claimant's pain as lumbosacral strain and ordered physical therapy. On March 6, 1986, claimant aggravated his back condition while playing racquetball. At this point, Dr. Spenader referred claimant to Dr. Meier, an orthopedic surgeon. Dr. Meier diagnosed a lumbar sprain with preexisting degenerative disc disease. Apparently claimant had injured his lower back in 1984 while assisting another teacher in moving a player piano. Although Dr. Meier believed the symptoms would resolve within six weeks, claimant testified his back pain progressively worsened over the summer to the point of being unable to dress himself without difficulty. On September 5, 1986, claimant again saw Dr. Meier. While claimant's straight-leg-raising and neurological exams were normal, the doctor did note some paraspinal spasm and a limitation of lumbar motion. On September 12, 1986, while attending a high school football game, claimant suffered a sneezing episode. Claimant testified he immediately experienced the onset of excruciatingly severe lower-back pain with radiation down his leg and left buttock. Dr. Meier again examined claimant on September 14 and found significant changes indicating a herniated nucleus pulposus. Claimant was referred to Dr. Vanlandingham, a neurosurgeon, for treatment. Dr. Vanlandingham opined that the basketball injury probably resulted in a tear of the posterior longitudinal ligament or of the annulus fibrosis, which weakened and then ruptured when the sneezing episode occurred. While Dr. Vanlandingham did not find any tear upon performing the surgery to correct claimant's condition, he also stated such tears would not necessarily be noted. Mendota's expert, an orthopedic surgeon who reviewed claimant's medical records only, testified that the actual rupture or herniation was secondary to the sneeze and that there was no way of knowing whether claimant had torn the annulus or had suffered a weakening of his disc at the time of the basketball injury. The Commission found for claimant on the basis of Dr. Vanlandingham's testimony and that of claimant. The Commission further declared that Mendota failed to prove the racquetball incident constituted an intervening accident.

It is well established that in workers' compensation cases it is the function of the Commission to decide questions of fact and causation, to judge the credibility of witnesses, and to resolve conflicting medical evidence. (*E.g., O'Dette v. Industrial Comm'n* (1980), 79 Ill. 2d 249, 253, 403 N.E.2d 221, 223-24; *International Harvester Co. v. Industrial Comm'n* (1970), 46 Ill. 2d 238, 244, 263 N.E.2d 49, 53.) Though we may draw different inferences from the evidence, findings of the

Commission will not be reversed on appeal unless they are against the manifest weight of the evidence. (*O'Dette*, 79 Ill. 2d at 253, 403 N.E.2d at 224; *Republic Steel Corp. v. Industrial Comm'n* (1962), 26 Ill. 2d 32, 43, 185 N.E.2d 877, 883; *Caterpillar, Inc. v. Industrial Comm'n* (1992), 228 Ill. App. 3d 288, 291, 591 N.E.2d 894, 896.) In order for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion must clearly be apparent. (*Caterpillar*, 228 Ill. App. 3d at 291, 591 N.E.2d at 896.) In this instance, although claimant may have aggravated the condition of his back on one or more occasions, we cannot say that an opposite conclusion clearly is apparent or that the decision of the Commission is contrary to the manifest weight of the evidence.

 The only issue is whether there is a causal relationship between the basketball injury suffered by claimant while coaching on February 17, 1986, and his subsequent back problems. The Commission resolved the matter in claimant's favor. Mendota now argues on appeal that the sneezing episode was the actual intervening cause of claimant's back problems. It is true both medical experts agreed the sneezing episode was the immediate cause of claimant's disc rupture. This does not mean it was the sole cause, however. The record reveals claimant's initial back problems were triggered by the basketball accident and continued to escalate throughout the summer. The fact that other incidents, whether work related or not, may have aggravated his condition further are irrelevant as long as they do not constitute intervening causes. Claimant need only prove some act or phase of his employment was *a* causative factor in the ensuing injury in order to recover benefits under the Act. (See *Republic*, 26 Ill. 2d at 45, 185 N.E.2d at 884; *Caterpillar*, 228 Ill. App. 3d at 293, 591 N.E.2d at 897.) He need not prove it was the sole causative factor, nor even that it was the principal causative factor of his injury. (*Republic*, 26 Ill. 2d at 45, 185 N.E.2d at 884.) A nonemployment-related factor which is a contributing cause with the compensable injury in an ensuing injury or disability does not constitute an intervening cause sufficient to break the causal connection between the employment and claimant's condition of ill-being. (*International Harvester*, 46 Ill. 2d at 247, 263 N.E.2d at 54.) Had it not been for the original basketball injury, in all probability claimant's back problems would not have reached the stage they did in such a short period of time. Based on the record as a whole, along with the Commission's explicit finding on credibility and evaluation of medical testimony, the determination that claimant's sneezing episode and racquetball injury were only contributing causes,

not intervening ones, is not against the manifest weight of the evidence.

For the aforementioned reasons, we affirm the decision of the circuit court of Champaign County confirming the decision of the Commission.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, WOODWARD, and STOUDER, JJ., concur.