RONALD BESS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Lyndblad Construction Company, Appellee).

Fifth District (Industrial Commission Division)   No. 5—93—0377WC

Opinion filed June 8, 1994.—Rehearing denied August 2, 1994.

RARICK, J., specially concurring.

William W. Schooley III, of Law Offices of William W. Schooley, of Granite City, for appellant.

Bruce J. Magnuson, of Evans & Dixon, of St. Louis, Missouri, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Ronald Bess, sought benefits pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) for injuries sustained during the course of his employment with respondent, Lyndblad Construction Company (Lyndblad). An arbitration hearing was held on November 9, 1990, and Bess was awarded 8⁴/₇ weeks of temporary total disability (TTD) benefits and found to be permanently partially disabled to the extent of 10% of the man as a whole. Bess sought review before the Industrial Commission (Commission), which affirmed and adopted the decision of the arbitrator.

The Commission's decision was issued on August 5, 1992, and Bess' attorney received it on August 11, 1992. His petition for judicial

review was filed on August 26, 1992, and a summons was issued that same day. The petition did not include either a receipt showing proof of payment of the probable cost of the record or an affidavit setting forth that such payment had been made, as required by section 19(f)(1) of the Act. (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(f)(1).) On September 14, 1992, Lyndblad filed a motion to dismiss, arguing that Bess' failure to attach such documentation deprived the circuit court of subject-matter jurisdiction. On September 21, 1992, Bess filed with the court a receipt from the Commission indicating that the probable cost of the record was paid on September 8, 1992. Lyndblad's motion to dismiss was argued on May 4, 1993, and on May 11, 1993, the circuit court granted Lyndblad's motion, finding that it was deprived of subject-matter jurisdiction by Bess' failure to provide proof of payment of the probable cost of the record within 20 days of receipt of the Commission's decision.

On appeal, Bess argues that an action is commenced when a complaint or petition is filed, not when the summons is served; that nothing in the Act in general, or section 19(f)(1) of the Act in particular, indicates that a workers' compensation proceeding is commenced by the request for or issuance of a summons; that the only limitation set forth in section 19(f)(1) of the Act is that no request for summons may be filed, nor any summons issued, until the party seeking review shall exhibit proof of payment of the probable cost of the record before the Commission; and that there is no requirement that proof of such payment be exhibited within the 20-day period or summons be issued or served within the 20-day period. Bess maintains the action was commenced in a timely manner and that the circuit court was properly vested with subject-matter jurisdiction. Bess concedes that the circuit court was without authority to issue the summons and that Lyndblad's motion to quash summons was an appropriate request, but Bess contends that dismissal of the action for want of subject-matter jurisdiction was not appropriate.

■ It is well settled that while circuit courts are courts of general jurisdiction and enjoy a presumption of subject-matter jurisdiction, such presumption is not available in workers' compensation proceedings, where the court exercises special statutory jurisdiction, and strict compliance with the statute is required to vest the court with subject-matter jurisdiction. *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 451 N.E.2d 866; *Wabash Area Development, Inc. v. Industrial Comm'n* (1981), 88 Ill. 2d 392, 430 N.E.2d 1002; *Boalbey v. Industrial Comm'n* (1977), 66 Ill. 2d 217, 362 N.E.2d 286.

In rendering its decision in the present case, the circuit court relied upon *Arrington*, in which our supreme court stated:

"The Act requires that a litigant who seeks to review a decision of the Industrial Commission *exhibit to the clerk of the circuit court* a receipt showing payment of the amount of the probable cost of the record. If this condition precedent for the issuance of the writ is not met, the circuit court does not have subject matter jurisdiction." (Emphasis in original.) *Arrington*, 96 Ill. 2d at 508-09, 451 N.E.2d at 867.

The section of the Act in question in *Arrington* was section 19(f)(1), which at the time provided in relevant part:

"(1) Except in cases of claims against the State of Illinois, \*\*\* the Circuit Court \*\*\* shall by writ of certiorari to the Commission have power to review all questions of law and fact presented by such record.

Such suit by writ of certiorari shall be commenced within 20 days of the receipt of notice of the decision of the Commission. Such writ of certiorari and the writ of scire facias shall be issued by the clerk of such court upon praecipe returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof \*\*\*.
\*\*\*

In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a return to the writ of certiorari in that case and no praecipe for a writ of certiorari may be filed and no writ of certiorari shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court a receipt showing payment of the sums so determined \*\*\*." (Ill. Rev. Stat. 1981, ch. 48, par. 138.19(f)(1).)

Section 19(f)(1) was amended subsequent to the version considered in *Arrington* and now provides in relevant part:

"(1) Except in cases of claims against the State of Illinois, \*\*\* the Circuit Court \*\*\* shall by summons to the Commission have power to review all questions of law and fact presented by such record.

A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. The summons shall be issued by the clerk of such court upon written request returnable on a designated return day, not less than 10 or more than 60 days from the date of issuance thereof \*\*\*.
\*\*\*

In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that case and *no request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall ex-*

*hibit to the clerk of the Circuit Court proof of payment* by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined \*\*\*." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(f)(1).)

The emphasized portion in the last paragraph of section 19(f)(1) was added by Public Act 83—360 (Pub. Act 83—360, § 1, eff. September 14, 1983 (1983 Ill. Laws 3071, 3077)); the portion that follows was added thereafter (Pub. Act 84—981, § 1, eff. September 25, 1985 (1985 Ill. Laws 6215, 6243-44)).

Bess maintains that because of the change, *Arrington* is no longer applicable. He contends that the earlier statute prohibited commencement of an action by issuance of a writ of *certiorari* prior to showing proof of payment of the probable cost of the record. He argues, however, that the present statute, read in conjunction with the Code of Civil Procedure (see Ill. Rev. Stat. 1991, ch. 110, par. 1—101 *et seq.*) and the supreme court rules, manifests the legislature's intent to vest the circuit court with subject-matter jurisdiction upon filing a petition for review within 20 days but that summons would not issue until proof of payment of the cost of the record had been demonstrated. We do not agree.

Because proceedings under the Act are purely statutory, courts can obtain jurisdiction only in the manner provided by the Act and statutory requirements for the circuit court's subject-matter jurisdiction demand strict compliance. *Beasley v. Industrial Comm'n* (1990), 198 Ill. App. 3d 460, 555 N.E.2d 1172.

■ In *Beasley*, which was also relied upon by the circuit court, we stated:

"The appeal process is relatively simple. After receiving the Commission's decision, an appealing party must complete several tasks within a 20-day time period. First, he must read the portion of the Commission's decision stating the 'amount of the probable · cost of the record to be filed as a part of the summons.' [Citation.] Then he must pay that fee to the Commission and obtain a receipt. Next he must bring the receipt to the clerk of the circuit court and 'exhibit' it as proof of payment. Without the exhibition of the receipt, the clerk is prohibited from issuing a summons to the Commission. [Citation.]

The clerk then issues a summons, which thereby commences the proceeding for review within the 20-day period, triggering the Commission's duty to certify the record of its proceedings to the circuit court. Ill. Rev. Stat. 1983, ch. 48, par. 138.19(f)(1) (third paragraph)." (*Beasley*, 198 Ill. App. 3d at 465, 555 N.E.2d at 1175.)

In summary, the statute states in very clear terms the proceeding for

review is commenced within the 20-day period by summons, issued by the clerk, but "no request for a summons may be filed" unless proof of payment is exhibited to the clerk of the circuit court. The amendment permitting proof by affidavit does not extend the 20-day time limit for exhibiting payment to the circuit clerk.

For the foregoing reasons, the judgment of the circuit court of Christian County is affirmed.

Affirmed.

RAKOWSKI, WOODWARD, and SLATER, JJ., concur.

JUSTICE RARICK, specially concurring:
I concur with the result reached by the majority, albeit reluctantly. While I concede *Beasley* is controlling, its holding is in conflict with the well-settled principle that the law favors resolutions on the merits (see *Venzor v. Carmen's Pizza Corp.* (1992), 235 Ill. App. 3d 1053, 602 N.E.2d 81, citing *Widicus v. Southwestern Electrical Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799; *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 638, 536 N.E.2d 125, 129), as well as with the principles that a statute giving a right to appeal is to be liberally construed and interpretations resulting in a forfeiture are not favored. See *McGaughy v. Human Rights Comm'n* (1993), 243 Ill. App. 3d 751, 755, 612 N.E.2d 964, 967; *Moenning v. Commonwealth Edison* (1985), 134 Ill. App. 3d 468, 471, 481 N.E.2d 36, 39.

In *Luttrell v. Industrial Comm'n* (1987), 154 Ill. App. 3d 943, 507 N.E.2d 533, the claimant filed a *praecipe* and *scire facias* rather than a request for summons. The court held that there was no significant distinction between a request for summons and the *praecipe*, and that the failure to file a request for summons did not deprive the circuit court of jurisdiction. The court concluded that the crucial point was that the goal or purpose of the statute—notice to the parties—had been satisfied. In reaching its decision, the court noted that the cases wherein our supreme court held that strict compliance with the statutory requirements was necessary to vest the circuit court with subject matter jurisdiction all involved failures to perform what the court considered substantive requirements of the statute. In the present case, claimant did not fail to file the required receipt but merely filed it several days late.

In *Berry v. Industrial Comm'n* (1973), 55 Ill. 2d 274, 302 N.E.2d 277, claimant included with his timely filed *praecipe* a copy of a letter to the Commission indicating that he had mailed a check for costs. Claimant's attorney informed the clerk that the probable costs had

been paid, and the Commission verified this information. The clerk thereupon issued a writ for *certiorari* without requiring actual exhibition of the receipt for costs. Noting that the purpose of the statute was to coerce payment of the costs, our supreme court held that the letter to the Commission and the Commission's verification that costs had been paid satisfied the requirement of the statute. *Berry*, 55 Ill. 2d at 278, 302 N.E.2d at 279-80.

As in *Luttrell* and *Berry*, the goal and purpose of the statute has been fulfilled. To completely deny claimant a right to appeal under these circumstances elevates form over substance and runs counter to the preferred tendency "to prevent technicalities from depriving a party of the right to be heard." *Berry*, 55 Ill. 2d at 278, 302 N.E.2d at 280, citing *Republic Steel Corp. v. Industrial Comm'n* (1964), 30 Ill. 2d 311, 196 N.E.2d 654.