GEORGE TESKA, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Binks Manufacturing Company, Appellee).

First District (Industrial Commission Division)   No. 1—93—3394WC

Opinion filed August 12, 1994.—Rehearing denied October 5, 1994.

Budin & Lipkin, of Chicago (Mitchell S. Lipkin, of counsel), for appellant.

John J. Zachara, of Chicago (Thaddeus M. Bond, Jr., of counsel), for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, George Teska, sought benefits pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.1 *et seq.*) for aggravation of injuries originally sustained in a work-related accident. The arbitrator denied benefits, finding claimant's current condition of ill-being to be the result of an intervening accident. On review, the Industrial Commission (Commission) affirmed the decision of the arbitrator, and the circuit court of Cook County confirmed

that of the Commission. Claimant appeals, contending the decision that his present condition of ill-being was caused by an intervening accident is against the manifest weight of the evidence. We reverse and remand.

On November 30, 1990, claimant, then age 43, was injured while in the employ of Binks Manufacturing Co. (employer). On that day, claimant was sitting at his work bench assembling industrial spray equipment. At one point, claimant was lifting some parts from under his bench when he struck the top of his head on the bench. Claimant later began experiencing numbness and tingling in his left shoulder radiating down into his left arm. Claimant was initially treated at Rush-Presbyterian-St. Luke's Occupational Health Center and at Lisle Chiropractic Clinic. When his condition failed to improve, claimant was referred to the Neuro Spinal Clinic. There claimant was treated by Dr. Chinnici, a chiropractor; Dr. Echiverri, a neurologist; and Dr. Kawanaga, a neurosurgeon. Claimant was diagnosed as having a herniated disc at the C6-C7 level. On February 18, 1991, claimant underwent a medial fasciectomy and foraminotomy at C6-C7 with posterior decompression of the nerve root on the left side. By April 25, 1991, claimant was released to regular work.

While his condition improved after the surgery, claimant still experienced lingering numbness and pain in his neck, shoulder and left arm. On October 24, 1991, another MRI was performed which revealed a recurrent herniated disc at the C6-C7 level on the left side. Conservative treatment was pursued. On February 14, 1992, claimant experienced a sharp pain in his neck radiating into his left arm while bowling in the third and final game in his bowling league. The next day, claimant returned to the Neuro Spinal Clinic complaining of an increase in pain from his neck down into his left arm. Conservative treatment was again attempted, but eventually claimant underwent a second surgery on May 8, 1992. Claimant has not returned to work since February 14, 1992.

It is well settled that in workers' compensation cases it is the function of the Commission to decide questions of fact and causation, to judge the credibility of witnesses and to resolve conflicting medical evidence. (*O'Dette v. Industrial Comm'n* (1980), 79 Ill. 2d 249, 253, 403 N.E.2d 221, 223-24; *Mendota Township High School v. Industrial Comm'n* (1993), 243 Ill. App. 3d 834, 836, 612 N.E.2d 77, 78.) Though we might draw different inferences from the evidence, we will not overturn findings of the Commission on review unless such findings are against the manifest weight of the evidence. (*Brady v. Louis Ruffolo & Sons Construction Co.* (1991), 143 Ill. 2d 542, 549, 578 N.E.2d 921, 924; *Mendota*, 243 Ill. App. 3d at 836-37, 612 N.E.2d at 78.) In or-

der for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion clearly must be apparent. (*Montgomery Elevator Co. v. Industrial Comm'n* (1993), 244 Ill. App. 3d 563, 567, 613 N.E.2d 822, 825; *Caterpillar, Inc. v. Industrial Comm'n* (1992), 228 Ill. App. 3d 288, 291, 591 N.E.2d 894, 896.) While we are reluctant to set aside a Commission decision on a factual question, we should not hesitate to do so where the clearly evident, plain and indisputable weight of the evidence compels an apparent, opposite conclusion. (*Montgomery Elevator*, 244 Ill. App. 3d at 567, 613 N.E.2d at 825.) Here, an opposite conclusion is compelled.

■ ■ Under the Act, compensation may be awarded for a claimant's condition of ill-being even though the conditions of his or her employment do not constitute the sole, or indeed principal, cause of injury. (*Brady*, 143 Ill. 2d at 548, 578 N.E.2d at 924.) In order to constitute an accidental injury within the meaning of the Act, the claimant need only show that some act or phase of the employment was a causative factor of the resulting injury. (*Mendota*, 243 Ill. App. 3d at 837, 612 N.E.2d at 79; *Caterpillar*, 228 Ill. App. 3d at 293, 591 N.E.2d at 897.) Every natural consequence that flows from the injury which arose out of and in the course of the claimant's employment is compensable under the Act, unless caused by an independent intervening accident. (*Caterpillar*, 228 Ill. App. 3d at 293, 591 N.E.2d at 897.) An independent, intervening accident is one which breaks the chain of causation between a work-related injury and an ensuing disability or injury. (*International Harvester Co. v. Industrial Comm'n* (1970), 46 Ill. 2d 238, 245, 263 N.E.2d 49, 53.) A nonemployment-related factor which is a contributing cause with the compensable injury in an ensuing injury or disability, however, does not constitute an intervening cause sufficient to break the causal connection between the employment and claimant's condition of ill-being. (*International Harvester*, 46 Ill. 2d at 247, 263 N.E.2d at 54; *Mendota*, 243 Ill. App. 3d at 837, 612 N.E.2d at 79.) Here the Commission determined that claimant's bowling accident was an intervening cause or accident. Claimant's condition, however, would not have progressed to the point it did but for his original work-related accident. Claimant's recurrent disc problem stemmed from his accident of November 30, 1990, while bending down under his work bench to pick up parts. Some eight months after the surgery and some four months prior to the bowling incident, as revealed by a second MRI, claimant already was suffering from a recurrent disc injury or refragmentation at the same interval on the same side. By October 1991, claimant was experiencing daily pain and needed additional surgery. Merely because claimant experienced an upsurge

of neck pains while bowling a few months later does not mean the causal connection was broken. The MRI taken after the bowling incident showed only the same progression of disc injury. Absent the initial injury, there could have been no recurrent disc defect and no condition which could have been aggravated by bowling. As Dr. Echiverri stated: bowling, "even if you do it the wrong way, more than likely will not cause a problem in the neck, more than likely will not injure a neck. You have to have a preexisting problem to develop symptoms other than just throwing a 15 pound ball." Dr. Echiverri also testified that refragmentation is a common occurrence following surgery and could be precipitated by another injury or it could spontaneously occur on its own. Claimant's condition, in Dr. Echiverri's opinion, was "just a natural progression of the original problem." He concluded that the bowling incident had nothing at all to do with claimant's current condition of ill-being and that his current problem was still a direct result of the work-related injuries he sustained in 1990. Employer presented no evidence to rebut Dr. Echiverri's conclusions and statements. As the accident of November 1990 played a causative role in claimant's current condition of ill-being, the Commission's decision to the contrary must be reversed.

For the aforementioned reasons, we reverse the decision of the circuit court of Cook County confirming the decision of the Industrial Commission and remand this cause to the Commission for determination of benefits.

Reversed and remanded.

McCULLOUGH, P.J., and RAKOWSKI, WOODWARD and SLATER, JJ., concur.