LASLEY CONSTRUCTION COMPANY, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Randy Wilson, Appellee).

Fifth District (Industrial Commission Division)  No. 5—94—0347WC

Opinion filed August 29, 1995.

McCULLOUGH, P.J., joined by COLWELL, J., dissenting.

Kevin M. Hazlett, of Keefe & DePauli, P.C., of Fairview Heights, for appellant.

Steven W. Berg, of Berg, Robeson & Connor, P.C., of Springfield, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Randy Wilson, sought benefits pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) for injuries to his back suffered on December 20, 1989, while in the employ of Lasley Construction Co. (employer). The arbitrator concluded that claimant suffered only a minor back injury and awarded claimant temporary total disability benefits from December 22, 1989, until January 2, 1990. The arbitrator found that claimant failed to prove any causal connection between his condition of ill-being after January 2 and the accident at work. On review, the Industrial Commission (Commission) reversed the decision of the arbitrator, finding claimant's current condition of ill-being to be causally connected to his accident on December 20. The Commission awarded claimant an additional 87 weeks of temporary total disability. The circuit court of Franklin County confirmed the decision of the Commission. Employer appeals, contending the award of additional temporary total disability benefits is against the manifest weight of the evidence. We affirm.

On December 20, 1989, claimant, an ironworker, slipped and fell on an ice-covered roof while carrying sheet metal for employer. Claimant experienced immediate pain in his back, shoulders, ribs, and right leg. He sat down for a few minutes and then told his foremen of the incident. Claimant finished out the day but did not return

to work the next day. The job had been shut down as a result of inclement weather. On December 22 claimant sought treatment from Dr. Gibson. Dr. Gibson diagnosed acute thoracic and lumbar strain and sprain and prescribed medication, a TNS unit, and massage. Although claimant was released to return to work effective January 2, he did not do so because of back pain. Claimant also came down with the flu during this same time period. Claimant did attempt to return to work on January 8 but had to stop because of pain. He next sought treatment on January 9, 1990, from Dr. Couch. Dr. Couch's records pertained only to claimant's flu symptoms, with no mention of the back injury. Claimant's foreman testified he was never informed of claimant's accident on the 20th and believed his missed days of work were a result of the flu.

Claimant next attempted to return to work on the 15th of January. Claimant testified he experienced continuous pain in his back, ribs, neck, and shoulders and could only perform light-duty work. After working a full day on the 16th, again at light duty, claimant was one of four men laid off the project. That same day, claimant visited Dr. Garnett, a chiropractor. Dr. Garnett had previously treated claimant for back problems many years ago. Dr. Garnett diagnosed subluxation of the lumbar spine and pelvis and low back pain. Claimant saw Dr. Garnett four times, but the treatments provided no relief.

On January 26, 1990, claimant went to see Dr. Samuel Hunter, a neurosurgeon. Dr. Hunter had previously operated on claimant for a herniated disc in 1980. Dr. Hunter hospitalized claimant the same day. Diagnostic tests revealed, according to Dr. Hunter, the presence of herniated discs at L4 and T6. Surgery was performed on January 31. The surgery, however, did not relieve claimant's symptoms of continuous pain over his entire body. Dr. Hunter further testified that an MRI conducted in March of 1991 revealed a posterior right paracentral ruptured disc at the thoracolumbar region. Dr. Hunter believed that this was the cause of claimant's continued problems but, because of the risk of surgery in that area, recommended conservative treatment solely. As of the date of the hearing, claimant still had not been released to return to work. Dr. Hunter opined that claimant probably will not ever recover to the capacity of hard physical labor. Dr. Hunter further stated that claimant's medical problems were caused by the December 20 accident. He did admit that activities such as coughing, sneezing, and chiropractic manipulations could cause ruptured discs.

Employer's expert, Dr. Mishkin, examined claimant on August 21, 1991, and concluded that claimant's symptoms did not correlate with the work accident. He did note, however, that a definitive diag-

nosis could not be made without further testing and a more detailed examination of claimant and his records. No evidence of any other causative factor for claimant's current condition of ill-being was presented.

It is well settled that it is the function of the Commission to decide questions of fact and causation, to judge the credibility of witnesses, and to resolve conflicting medical evidence. (*Berry v. Industrial Comm'n* (1984), 99 Ill. 2d 401, 406-07, 459 N.E.2d 963, 966; *Mendota Township High School v. Industrial Comm'n* (1993), 243 Ill. App. 3d 834, 836, 612 N.E.2d 77, 77-78; *Chicago Rotoprint v. Industrial Comm'n* (1987), 157 Ill. App. 3d 996, 1002, 509 N.E.2d 1330, 1335.) It is not the province of this court to substitute our judgment for that of the Commission merely because other inferences from the evidence could be drawn. (*Berry*, 99 Ill. 2d at 407, 459 N.E.2d at 966; *Chicago Rotoprint*, 157 Ill. App. 3d at 1002, 509 N.E.2d at 1335.) Findings of the Commission will not be reversed on appeal unless they are against the manifest weight of the evidence, and in order for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion must clearly be apparent. (*Mendota Township High School*, 243 Ill. App. 3d at 837, 612 N.E.2d at 78.) In this instance, we cannot say such an opposite conclusion is apparent.

■ Claimant suffered injuries to his back in a work-related accident on December 20, 1989. Within a month and a half of this accident, a neurosurgeon diagnosed a herniated disc and removed it surgically. The doctor performing the surgery testified that the accident was a causative agent in producing claimant's current condition of ill-being. Claimant need only prove that some act or phase of his employment was *a* causative factor in his ensuing injury to recover benefits under the Act; he need not prove it was the sole, or principal, causative factor of his injury. (*Mendota Township High School*, 243 Ill. App. 3d at 837, 612 N.E.2d at 79.) A non-employment-related factor which is a contributing cause with the compensable injury in an ensuing injury or disability does not constitute an intervening cause sufficient to break the causal connection between the employment and claimant's condition of ill-being. (*International Harvester Co. v. Industrial Comm'n* (1970), 46 Ill. 2d 238, 247, 263 N.E.2d 49, 54.) The fact that other incidents, whether work related or not, may have aggravated claimant's condition is irrelevant. (*Mendota Township High School*, 243 Ill. App. 3d at 837, 612 N.E.2d at 79.) Here, claimant already had a weakened back from previous surgery. He then suffered a significant injury to his back causing symptomatology consistent with disc injury. Whether this accident caused the herniation, or whether the flu or chiropractic manipula-

tions did, is irrelevant as, in all probability, the accident started the chain of events culminating in disc herniation. Under such circumstances, we will not overturn the Commission's conclusion that claimant's "slip and fall at work was at least a contributing factor to his back problems."

■ Taken with the case is a motion to dismiss the appeal of employer for failure to comply with the requirements of section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1992)) regarding proof of payment of the probable cost of preparing the record. Under the teachings of *Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 533 N.E.2d 1072, we deny claimant's motion to dismiss. The record includes an affidavit tendered by employer's attorney which indicates that payment for the probable cost of the record had been mailed to the secretary or assistant secretary of the Commission. Time of mailing equals actual receipt. (*Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 341, 533 N.E.2d at 1073.) And, section 19(f)(1) allows proof of payment to be established by affidavit of counsel. Accordingly, we find counsel's affidavit to be sufficient and therefore deny claimant's motion to dismiss the appeal.

For the aforementioned reasons, we affirm the decision of the circuit court of Franklin County confirming the decision of the Industrial Commission.

Motion denied; judgment affirmed.

RAKOWSKI and HOLDRIDGE, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, dissenting:
I respectfully disagree with the denial of the motion to dismiss the appeal. The employer did not comply with section 19(f)(1) of the Act. Section 19(f)(1) provides in part:

"[N]o request for a summons may be filed and no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made." (820 ILCS 305/19(f)(1) (West 1992).)

The respondent's affidavit states that the decision was received on June 21, 1993, and on July 6, 1993, respondent, through its attorney, mailed a check in the amount of $35 to the Commission. The affidavit was filed with the circuit clerk on July 9, 1993, the same date respondent filed its review proceedings.

The affidavit of the attorney does not extend the time for making payment but is merely a substitute for filing the receipt of the Commission. The section requires that the affidavit state that payment has been "made" not "mailed." It requires little more to include in the affidavit a statement that payment was received by the clerk. Respondent's affidavit does not state that the payment was timely.

There is nothing in this record, nor in the affidavit, to show that payment was in possession of the secretary of the Commission.

As stated in *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 510, 451 N.E.2d 866, 868:

> "[T]he affidavit filed by the claimant's attorney which purports to show payment of the probable cost of the record to the secretary of the Commission is unsatisfactory to show substantial compliance with the statute. The affidavit merely indicates that a check for such payment was mailed to the secretary of the Commission on December 3, 1981. Since the check might have been lost or misplaced in transit by the postal service, this affidavit is inadequate to demonstrate that the Commission had actually received payment of the probable cost of the record before the writ of the circuit court issued."

In *McGehee v. Industrial Comm'n* (1987), 160 Ill. App. 3d 618, 622, 513 N.E.2d 1136, 1138, this court stated:

> "In this case, no proof in the record establishes that a receipt was physically exhibited to the clerk before the issuance of the writ. There was no affidavit of the attorney filed to show payment, and there was no action taken by the clerk to verify with the commission that the payment had been made."

It appears the *McGehee* court concluded that the amendment allowing proof by attorney affidavit retained a requirement that the circuit court have proof that payment had been received by the Commission prior to issuance of a writ.

If the affidavit of claimant's attorney complies with the statute (the assertion that payment has been mailed rather than made), then, as in this case, summons could issue prior to the Commission's receipt of payment for the cost of the record, a sequence at odds with the plain language of the statute. As a parallel, it must be asked whether use of such affidavit permissively may extend the 20-day period for which payment can be made to the Commission. An attorney could mail his check to the Commission and file his affidavit with the circuit clerk on the 20th day, and the Commission not receive payment until two or more days later, a scenario at odds with the statutory 20-day limit and the case law providing that payment of the Commission's fees is a condition precedent. (See *Bess v. Industrial Comm'n* (1994), 264 Ill. App. 3d 225, 228-29, 636 N.E.2d 1021, 1023-

24.) The amendment permitting proof by affidavit does not extend the 20-day time limit for proof of payment to the circuit clerk.

I do not believe that *Harrisburg-Raleigh* applies in cases such as this. That case concerned notices of appeal and appellate practice.

COLWELL, J., joins in this dissent.