CONCRETE STRUCTURES OF THE MIDWEST, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Doris Ramirez, Appellee).

First District (Industrial Commission Division)   No. 1—99—3446WC

Opinion filed August 4, 2000.

Karen L. Vinzant and Eugene F. Keefe, both of Alholm, Monahan, Keefe & Klauke, of Chicago, for appellant.

Neal K. Wishnick, of Ellis M. Sostrin & Associates, P.C., of Chicago, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Doris Ramirez, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1996)) for injuries sustained while in the employ of Concrete Structures of the Midwest, Inc., employer. The arbitrator found claimant sustained accidental injuries arising out of and in the course of her employment and awarded her 18³/₇ weeks temporary total disability and medical expenses of $2,178. On review, the Industrial Commission (Commission) affirmed the decision of the arbitrator, and the circuit court of Cook County confirmed the decision of the Commission. Employer appeals contending the finding of causal connection between claimant's injuries and her employment is against the manifest weight of the evidence. We affirm.

Claimant, a 26-year-old carpenter, began working for employer November 6, 1996. She had been employed as a carpenter since February 1993 for various other companies. While working for employer claimant was assigned the job of building concrete forms for the foundations of pumping houses. Such assignments required claimant to hammer, use a sledgehammer and wrench and cut wood with a contractor's saw. Claimant described a contractor's saw as a longer and heavier circular saw which required the use of both hands in order to operate it. She testified gripping the saw required a lot of strength and vibration went into both of her hands upon using the saw. On November 16, 1996, claimant noticed her hands were numb and she could not feel the fingertips. Claimant had previously experienced occasional tingling sensations in both hands and fingers prior to working for employer but such sensations went away after taking aspirin. Claimant lost no time from work because of her hands prior to November 16 nor did she have any medical treatment for them. This time the tingling and numbness continued on and off through the workday. Claimant noted the tingling became more pronounced the harder the work. By November 16, the pain was so intense claimant testified she could not sleep. Claimant sought treatment with Dr. Scott O'Conner on November 18, 1996. He found positive Phalen and Tinel signs bilaterally and diagnosed bilateral carpal tunnel syndrome. Claimant was instructed to remain off work. Dr. O'Conner opined claimant's employment with employer exacerbated a preexisting condition of carpal tunnel syndrome. Claimant was examined again on December 4, 1996, and was prescribed an EMG and surgery. The EMG revealed severe carpal tunnel syndrome. Claim-

ant was also examined by Dr. Michael Raymond, who confirmed Dr. O'Conner's findings and opinions.

Employer's expert, Dr. Robert R. Schenck, saw claimant on April 11, 1997. According to the tests he administered, claimant was suffering from a mild to moderate bilateral carpal tunnel syndrome. He opined her carpal tunnel syndrome was an idiopathic preexisting condition and was not related to, or aggravated by, her employment with employer given claimant's history of prior tingling and the short duration of her employment with employer.

The Commission concluded claimant's carpal tunnel syndrome was aggravated by her work for employer. The Commission therefore found that claimant sustained accidental injuries on November 16, 1996, which arose out of and in the course of her employment.

■ It is well established that it is the function of the Commission to decide questions of fact and causation, to judge the credibility of witnesses and to resolve conflicting medical evidence. See *Mendota Township High School v. Industrial Comm'n*, 243 Ill. App. 3d 834, 836, 612 N.E.2d 77, 78 (1993); *Dexheimer v. Industrial Comm'n*, 202 Ill. App. 3d 437, 442, 559 N.E.2d 1034, 1037 (1990). Though we might draw different inferences from the evidence, we will not discard the findings of the Commission unless they are against the manifest weight of the evidence. See *Mendota*, 243 Ill. App. 3d at 836-37, 612 N.E.2d at 78; *Dexheimer*, 202 Ill. App. 3d at 443, 559 N.E.2d at 1037. In order for a finding to be contrary to the manifest weight of the evidence, an opposite conclusion must clearly be apparent. See *Illinois Bell Telephone Co. v. Industrial Comm'n*, 265 Ill. App. 3d 681, 687, 638 N.E.2d 307, 311 (1994). We cannot say an opposite conclusion is clearly apparent in this instance. Claimant needed only to prove some act or phase of her employment was *a* causative factor, not the sole or even principal causative factor, in her ensuing injury to receive benefits under the Act. See *Mendota*, 243 Ill. App. 3d at 837, 612 N.E.2d at 79; *Three "D" Discount Store v. Industrial Comm'n*, 198 Ill. App. 3d 43, 49, 556 N.E.2d 261, 265 (1989). The fact that claimant may have had a preexisting condition does not preclude an award of benefits upon her showing her condition was aggravated or accelerated by the employment. *General Electric Co. v. Industrial Comm'n*, 190 Ill. App. 3d 847, 855, 546 N.E.2d 987, 992 (1989).

■ Claimant began working for employer on November 6. She was first assigned to build concrete forms for the foundation of a pumping station. In the course of building the concrete forms, claimant was required to use repeatedly a contractor's saw and a hammer. Claimant described the contractor's saw as a longer, heavier circular saw which required the use of both hands to operate it. She testified gripping the

saw required a lot of strength and vibration went into both of her hands whenever she used it. Her next assignment also involved a lot of cutting and bolting concrete forms together. In order to perform the bolting, claimant testified that she had to use two hands and apply pressure to tighten the nut. Her third assignment was constructing a platform. This task also required the use of the contractor's saw and hammering, as well as the use of a sledgehammer to pound stakes into the ground. Her last job for employer was building concrete forms involving the same type of work she performed during her first assignment. During the course of performing her duties, claimant began experiencing tingling and numbness in her hands. These sensations continued on and off through the workday. Claimant noted the tingling became more pronounced the harder the work. Claimant acknowledged she experienced some symptoms of carpal tunnel syndrome prior to working for employer, but such symptoms were relieved with aspirin and never caused her to miss work or seek medical treatment. By November 16, however, the numbness and pain in claimant's hands had become so severe she could not sleep. This time claimant was forced to seek medical care. Such testimony supports the conclusion that claimant proved an aggravation of a preexisting condition which was causally connected to her employment with employer. *Cf. Williams v. Industrial Comm'n*, 244 Ill. App. 3d 204, 211, 614 N.E.2d 177, 181 (1993). This conclusion, in turn, is further supported by the opinions of both Dr. O'Conner and Dr. Raymond. Given such evidence, we cannot say the decision of the Commission, as confirmed by the circuit court, is against the manifest weight of the evidence.

■ Employer also contends the benefits and expenses for claimant's condition should have been apportioned among claimant's various employers. First, employer raised no such issue prior to oral argument on appeal. The matter is therefore waived. *Trans World Airlines v. Industrial Comm'n*, 191 Ill. App. 3d 856, 866, 548 N.E.2d 367, 373 (1989); *Swanson v. Industrial Comm'n*, 128 Ill. App. 3d 631, 634, 471 N.E.2d 200, 202 (1984). More importantly, we have no authority to make such an award. The issue of apportionment of benefits among various employers is a matter for the legislature to address first, not us.

For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County confirming the decision of the Commission.

Affirmed.

McCULLOUGH, P.J., and ZWICK, COLWELL, and HOLDRIDGE, JJ., concur.