SALVADOR VENZOR, Plaintiff, v. CARMEN'S PIZZA CORPORATION, Indiv. and d/b/a Carmen's of Evanston Plaza, Defendant and Third-Party Plaintiff-Appellee (Manuel Teijeiro, Indiv. and d/b/a Rios Casa Iberia and Santos Enterprises, Third-Party Defendants-Appellants).

Second District   No. 2—92—0031

Opinion filed October 14, 1992.

Timothy J. Young, Edward F. Ruberry, and Richard H. Nicolaides, Jr., all of Bollinger, Ruberry & Garvey, of Chicago, and Charles W. Smith, of Rosing, Applehans, Smith, Ericksen & Zeit, Ltd., of Waukegan, for appellants.

Robert Schey, of Robert Schey & Associates, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Salvador Venzor, filed a complaint against defendant Carmen's Pizza Corporation (Carmen's) for personal injuries. Carmen's filed a third-party complaint against third-party defendant, Manuel Teijeiro, for contribution. Carmen's subsequently settled with plaintiff and then moved to default Teijeiro for failing to appear and plead. The court entered an order granting Carmen's motion for default judgment and entered judgment in favor of Carmen's and against Teijeiro in the amount of $100,000 plus costs. Teijeiro moved to vacate this default judgment within 30 days of its issuance pursuant to section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e)). The trial court denied both Teijeiro's motion to vacate and Teijeiro's motion for re-

consideration. Teijeiro appeals the trial court's denial of his section 2—1301(e) motion. We reverse and remand for a trial on the merits.

On May 15, 1989, plaintiff, Salvador Venzor, filed a two-count complaint in which he alleged that he sustained injuries on July 3, 1988, when he fell from a refrigerated trailer, at the Taste of Chicago Fair. Plaintiff alleged that the trailer from which he fell was owned by defendant Carmichael Leasing Company (Carmichael) and was in an unreasonably dangerous condition at the time of plaintiff's alleged injury. Additionally, plaintiff alleged that the trailer he fell from had been leased by Carmen's and that Carmen's was negligent in failing to maintain, repair, illuminate and inspect the trailer and in failing to warn plaintiff of the dangerous condition.

On June 5, 1991, Carmen's filed a third-party action for contribution against the third-party defendant, Manuel Teijeiro. Carmen's alleged that Teijeiro also had possession and control over the trailer and had a duty to properly maintain it. Substitute service of the summons and third-party complaint was allegedly completed on June 10, 1991.

On September 24, 1991, Teijeiro was mailed, via certified mail, a notice of motion for default hearing. This default hearing took place on October 28, 1991, the same date on which the trial of the matter had been set. At that time, the court was advised that plaintiff Venzor had settled with defendants Carmichael and Carmen's for $100,000. Counsel also appeared on behalf of Teijeiro and sought leave to file an appearance, time to file an answer on behalf of the third-party defendant and a continuance of the trial as to the third-party action. The third-party defense counsel explained that the third-party defendant was unaware of the significance of the summons he had been served. The trial court denied the request of Teijeiro's counsel and ordered that Carmen's motion to default be granted. Additionally, the trial court ordered that judgment be entered against Teijeiro in the amount of $100,000.

On November 18, 1991, Teijeiro filed a motion to vacate judgment pursuant to section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e)). In this motion, counsel argued that service of the summons was improper and ineffective and that Teijeiro was unaware of the legal significance of the motion seeking judgment against him and that he does not believe that the third-party plaintiff has a valid cause of action.

On December 9, 1991, the court denied Teijeiro's motion to quash service finding that a general appearance had been filed previously on his behalf. The court also denied the motion to vacate

the default judgment pursuant to section 2—1301(e), finding that the motion had not been timely filed. Teijeiro's motion for reconsideration was denied on January 8, 1992.

■ In order to vacate a default judgment within 30 days of its issuance, a party must make a motion pursuant to section 2—1301(e) of the Code of Civil Procedure. This section provides as follows:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e).

■ Our analysis of relevant case law reveals that three standards of review have been used by courts of appeal reviewing trial court rulings under section 2—1301(e). The first group of cases asserts that vacation of a default judgment lies within the sound discretion of the trial court and the question on review is whether that discretion has been abused. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392; *Day v. Curtin* (1989), 192 Ill. App. 3d 251, 254; *Salvati v. Pekin Lincoln Mercury, Inc.* (1976), 37 Ill. App. 3d 78, 80.

A second body of cases asserts that the question on appeal is not whether the trial court committed an abuse of discretion but whether substantial justice has been done between the parties under the circumstances of the case. *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 531; *Campbell v. White* (1989), 187 Ill. App. 3d 492, 503; *Meeker v. Gray* (1986), 142 Ill. App. 3d 717, 728; *Satcher v. Inland Real Estate Corp.* (1983), 116 Ill. App. 3d 685, 687; *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 996; *Lettvin v. Suson* (1978), 62 Ill. App. 3d 215, 217.

The third body of cases outlines a standard of review which incorporates both of the standards cited above. Essentially, this standard proposes that a trial court has abused its discretion if its ruling on a section 2—1301(e) motion fails to promote substantial justice between the parties. *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402 (where the supreme court identifies the overriding consideration in setting aside the default judgment as one which seeks to promote substantial justice and then remands the case because the trial court abused its discretion in this regard); *Espedido v. St. Joseph Hospital* (1988), 172 Ill. App. 3d 460, 467 (where the discretion of a trial court to vacate the final judgment will not be regarded as an abuse if vacation of that judgment promotes substantial justice); *Zanzig v. H.P.M. Corp.* (1985), 134 Ill. App. 3d

617, 625 (where the court states that a denial of a motion to vacate will not be reversed absent an abuse of discretion the test of which asks whether a party's fundamental right to justice has been affected); *Baltz v. McCormack* (1978), 66 Ill. App. 3d 76, 77 (where the court identified the ultimate question of a denied motion to vacate as one which asks whether the trial court properly exercised its discretion in an attempt to serve justice); *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 108 (where the court expresses a belief that discretion to vacate a default judgment is properly invoked if it is exercised in the furtherance of justice).

The three supreme court cases cited above, *Foutch, Patrick* and *Adkins*, serve as the most compelling authority for our decision. In *Foutch*, the court determined that the absence of a hearing transcript prevented it from determining whether the trial court had abused its discretion in ruling on a motion to vacate a judgment. However, *Patrick* implies that an abuse of discretion is not a prerequisite to an appellate court's reversal of a denial to vacate a default judgment. The *Patrick* court cites the following language in *Adkins* in support of this proposition:

> "As we said in *People ex rel. Reid v. Adkins*, 48 Ill. 2d 402, 'The overriding consideration now is whether or not substantial [justice] is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits.' (48 Ill. 2d 402, 406.)" (*Patrick*, 63 Ill. 2d at 531-32.)

We do not dispute the precedential value of *Patrick*. However, in our view, the *Adkins* case indicates that, while the denial of substantial justice is an important factor to consider, the actual standard of review is defined as an exercise of discretion. Our reasoning for this interpretation is based upon the unambiguous language in *Adkins* that "the trial court abused its discretion in failing to set aside its order." *Adkins*, 48 Ill. 2d at 407.

In light of these cases, we conclude that a trial court's refusal to vacate a default judgment may be reversed because of a denial of substantial justice *or* because of an abuse of discretion.

■ In the present case, we hold that the court failed in both of these respects. First, the court's ruling failed to promote substantial justice. Factors to consider in determining whether substantial justice has been served include the severity of the penalty to defendant as a result of the default judgment, and the attendant

hardship on plaintiff if plaintiff is required to proceed to a trial on the merits. *Campbell*, 187 Ill. App. 3d at 503.

The following language from *Widicus* provides further insight into these factors:

"The question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits. In resolving this problem, a court may well consider whether or not a defendant has a meritorious defense, and whether or not defendant's delay in responding to the court's command actually jeopardizes plaintiff's basic position. But this should not be the only, nor necessarily, the determining factors [*sic*]. It seems to us that the overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.

The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits." *Widicus*, 26 Ill. App. 2d at 108-09.

■ In the present case, Carmen's argues that Teijeiro failed to provide the trial court with any excuse as to why he failed to timely appear and defend the third-party action and that he further failed to provide the trial court with any factual basis in support of his claim that defenses against the third-party complaint existed. We determine that these arguments fail to support the default judgment entered below in light of the considerations stated in *Widicus*. First, Teijeiro explains that he failed to respond to the summons as a result of his ignorance as to its significance. This is, admittedly, a poor excuse for his inaction. However, we cannot say that he should be saddled with a $100,000 default judgment as a result of this ignorance. Moreover, the amount of this default judgment has not been determined through any evidentiary proceeding as to either

damages or comparative negligence. Thus, the court's order would force Teijeiro to pay an amount which resulted from a settlement in which he took no part. We fail to see how justice demands Teijeiro pay such an amount for his default, particularly where no evidence has been presented indicating that his failure to respond to the summons amounted to a contumacious flouting of judicial authority, or amounted to an attempt to elude service. (See *Matter v. Quesnell* (1985), 133 Ill. App. 3d 388.) In addition, we see nothing in the record to indicate that Teijeiro's counsel lacked diligence to such an extent as to warrant a default judgment. *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 659-60.

The second element of Carmen's' argument that Teijeiro lacked a meritorious defense must also fail because it is no longer necessary that section 2—1301(e) relief be sought on the ground that there is a meritorious defense. (*Adkins*, 48 Ill. 2d at 406.) Furthermore, Carmen's conspicuously fails to present an argument as to how it would be subject to hardship should it be required to have the matter determined on the merits. Based on the record before us, we do not believe that there is one. Therefore, applying the reasoning in *Widicus*, the default judgment should and must be set aside. The argument presented by Carmen's does not outweigh the central policy consideration stated in *Widicus* favoring a trial on the merits.

Second, the trial court's refusal to vacate the default judgment amounted to an abuse of its discretion. A circuit court has abused its discretion when it acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1991), 213 Ill. App. 3d 591, 594-95.) If reasonable persons could differ as to the propriety of the trial court's actions, then the trial court cannot be said to have exceeded its discretion. *Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 334-35.

In the present case, the trial court has entered a default judgment in the amount of $100,000. The effect of this judgment is to completely indemnify an alleged joint tort-feasor without any showing of fault or fault allocation. No reasonable person could agree, under the circumstances of this case, that Teijeiro should be saddled with such a responsibility. Moreover, judicial procedures should not be used as a means to obtain "no-cost" liability insurance coverage.

■ As a final matter we note that, in denying Teijeiro's motion to vacate the default judgment, the trial court found that the mo-

1060

tion had not been timely filed. We cannot agree with this finding. Section 2—1301(e) allows a party 30 days within which to make a motion to vacate a default judgment. In the present case, Teijeiro moved to vacate the default judgment 21 days after its entry. Therefore, the motion was timely filed.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

INGLIS, P.J., and DUNN, J., concur.