VICKI L. FRANK, Appellee and Cross-Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Pass Pets, Ltd., Appellant and Cross-Appellee).

Fourth District (Industrial Commission Division)    No. 4—94—0891WC

Argued May 10, 1995.—Opinion filed November 16, 1995.—Rehearing denied January 5, 1996.

RARICK, J., dissenting.

John L. Barger (argued), of Craig & Craig, of Mattoon, for appellant.

Thomas R. Kelso and Nicholas H. Mihael (argued), both of Kelso & Associates, P.C., of Champaign, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, Vicki Frank, sought benefits pursuant to section 19(b—1) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(b—1)) for injuries she sustained while in the employ of Pass Pets, Ltd. (Pass Pets). While taking down Easter decorations, Frank lost her balance and jumped or fell from the stepladder on which she was standing. She felt a "jarring" sensation in her lower back and upper right leg. Ultimately, Frank had two surgeries on her lower back.

The arbitrator awarded temporary total disability benefits (TTD), plus additional medical expenses of $33,350.70, a sum in addition to previous medical expenses paid by Pass Pets for treatment rendered Frank by two previous medical providers. On March 16, 1993, the Industrial Commission (Commission) reversed the award for medical expenses, finding the $33,350.70 related to expenses incurred beyond the chain of referral of Frank's two chosen medical providers. The Commission confirmed the award in all other respects.

On April 16, 1993, claimant filed a petition for administrative review in the circuit court and Pass Pets filed a motion to dismiss that appeal based on the untimeliness of claimant's request for sum-

mons. The circuit court denied the motion to dismiss and reversed the Commission's denial of the medical award, finding the first provider was of Pass Pet's choosing and not one chosen by Frank. Pass Pets appeals. Because we find the circuit court was without jurisdiction due to Frank's failure to timely comply with the requirements of section 19(f)(1) of the Act (820 ILCS 305/19(f)(1) (West 1992)), we vacate the circuit court's order and reinstate the Commission's decision.

Section 19(f)(1) of the Act requires that "[a] proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission." (820 ILCS 305/19(f)(1) (West 1992).) The application for adjustment of claim with respect to claimant's attorney shows:

> "Thomas R. Kelso
> Attorney
>
> Beckett & Crewell
> Firm Name
>
> 313 N. Mattis, #214, P.O. Box 6479
> Champaign, IL 61821"

According to the documents of record, the Commission mailed a copy of its decision to Frank's counsel, Thomas Kelso, to a post office box number and/or address at 313 N. Mattis, Champaign, Illinois, where it was signed for on March 20, 1993, by Dixie Phillips, office administrator of a law firm with which attorney Kelso had not been affiliated since December 31, 1992. Phillips apparently forwarded the decision to Kelso at his new law firm, which he claims to have received on March 27, 1993. Kelso then filed a request for review in the circuit court on April 16, 1993, more than 20 days after the Commission's decision was received and signed for by Phillips, but exactly 20 days after Kelso claims to have received the decision forwarded by her. Attorney Kelso filed an affidavit and reply to the motion to dismiss averring that "upon the formation" of his new law firm he:

> "instructed the support staff of Kelso & Crewell [the new firm], which did not include Ms. Dixie Phillips, to send notices of his new address to all parties, courts, the Illinois Industrial Commission, and attorneys of record involved in all pending cases, including this matter; and that to the best of his knowledge and belief said parties, courts, the Industrial Commission and attorneys received said notices, signed by Thomas R. Kelso."

Section 19(i) of the Act provides:

> "Each party, upon taking any proceedings or steps whatsoever before any Arbitrator, Commission or court, shall file with the

Commission his address, or the name and address of any agent upon whom all notices to be given to such party shall be served, either personally or by registered mail, addressed to such party or agent at the last address so filed with the Commission." 820 ILCS 305/19(i) (West 1992).

While Kelso claims to have instructed his staff to notify the Commission and the attorney for Pass Pets of his new address, he does not indicate the time frame when he did so nor produce any correspondence or other evidence showing notice of his change of address was given to the Commission prior to March 16, 1993. His affidavit states only a conclusion that "to the best of his knowledge and belief said parties, courts, Industrial Commission and attorneys received said notices." He relies solely on his conclusional assertion that he believes the Commission received such notice. The first instance that any document appears of record bearing the new address of attorney Kelso is a letter to the Commission on the letterhead of his new firm dated April 2, 1993, in which he forwarded the fee for preparation of the record. The attorney for Pass Pets filed an affidavit stating he had never received notice of the dissolution of attorney Kelso's old law firm or any change of address prior to April 23, 1993. A letter dated April 23, 1993, and addressed to counsel for Pass Pets from Kelso's old firm, advised that Kelso was no longer affiliated with that firm and listed his new address. We must assume, therefore, that the address to which the Commission directed its decision is the address for service of notice on attorney Kelso which it carried in its records pursuant to section 19(i) of the Act.

Our decision in no way relies on any theory of agency between Phillips and Kelso. To the extent an agency relationship is relevant, it is only that existing between Kelso and claimant. Since there is no evidence attorney Kelso supplied the Commission with his current address, the time for filing an appeal began to run whenever anyone at the address the Commission carried on its records evidenced receipt of the Commission's decision. While Kelso made some filing with the Commission bearing his correct address, the Commission is not required to compare the address on every new filing it receives with the address carried in its records. The statute suggests that a specific notice of change of address is required, which Kelso did not show.

The jurisdiction of the circuit court is statutory only, and compliance with the statutory prerequisites is necessary for the circuit court to obtain subject-matter jurisdiction. (*Boalbey v. Industrial Comm'n* (1977), 66 Ill. 2d 217, 218, 362 N.E.2d 286, 287.) The circuit court does not have jurisdiction if a party fails to comply with the 20-

day time limit for administrative review under section 19(f)(1) (*Boalbey*, 66 Ill. 2d at 220, 362 N.E.2d at 287). Under the circumstances of this case, the 20-day period began to run when Phillips signed the return receipt on March 20, 1993, and was tolled no later than April 10, 1993. Therefore, Frank's petition for summons for administrative review filed April 16, 1993, was untimely and the circuit court lacked subject-matter jurisdiction.

Had we considered the merits, we find nothing of record indicating the decision of the Commission was against the manifest weight of the evidence.

The order of the circuit court is vacated and the decision of the Commission reinstated.

Vacated; Commission's decision reinstated.

RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.

JUSTICE RARICK, dissenting:

I respectfully dissent.

Section 19(f)(1) of the Act requires, *inter alia*, that appeal to the circuit court must be made within 20 days of receipt of the decision of the Commission and that the request for summons include proof of payment of the probable cost of the record. The first motion to dismiss alleged that Frank's appeal to the circuit court was not filed within 20 days of receipt of the Commission's decision and opinion on review. The Commission's decision was received on March 20, 1993, by Dixie Phillips, the office manager of the law firm with which Frank's attorney, Thomas Kelso, was formerly associated. Phillips forwarded the Commission's decision to Kelso and he received it on March 27, 1993. Frank's appeal to the circuit court was filed on April 16, 1993.

The majority contends that there is nothing in the record to support Kelso's claim that he properly notified the Commission of his correct address and that under such circumstances the 20-day period began to run when Phillips signed the return receipt on March 20, 1993. Reviewing the record, I believe the circuit court's denial of the motion to dismiss on this basis to be correct.

According to Frank's reply to Pass Pets' motion to dismiss, Kelso had been a partner in the law firm of Beckett, Crewell, and Kelso, and Phillips was the office manager for the firm. The firm was located at 508 South Broadway in Urbana. On December 31, 1992, this firm was dissolved and two new law firms were established: Beckett and Associates, which remained at the Urbana address, and Kelso and Crewell, which relocated to 100 Trade Center Drive in Cham-

paign. Phillips remained with Beckett and Associates. The record also discloses that the Commission's decision had not been sent directly to Beckett, Crewell, and Kelso, but had initially been sent to 313 Mattis Avenue in Champaign. Kelso, however, had not been at that address since August 1991. It was then apparently forwarded to Beckett, Crewell and Kelso by the post office, where it was signed for by Phillips.

The application for adjustment of claim was filed on June 28, 1991. At this time Kelso was associated with the firm of Beckett and Crewell and the firm's address was 313 Mattis Avenue in Champaign. Reviewing Kelso's affidavit, it appears that this firm relocated to 508 South Broadway in Urbana in August 1991. Frank's subsequent request for an arbitration hearing, a preprinted form prepared by the Commission, contains a notice that the arbitrator's decision would be sent to the firms and addresses listed thereon. Despite Kelso's listing the Broadway address, the Commission sent the arbitrator's decision to the old address in Champaign. On October 29, 1992, when Pass Pets filed a petition for review before the Commission, a copy was served on Kelso at the Broadway address. Kelso again relocated his office on December 31, 1992, to 100 Trade Center Drive in Champaign. When the Commission issued its decision and opinion on review, it again sent it to 313 Mattis Avenue in Champaign. The majority assumes that the address to which the Commission directed its decision was the address for Kelso that it carried in its records. As the record clearly demonstrates, this would be the address on Mattis Avenue, as this was the address to which the decision was first sent. There are two problems with this assumption. First, correspondence from Kelso as early as June 1992 demonstrates that his office was no longer on Mattis Avenue, yet both the arbitrator's decision and the Commission's decision were sent to this address. Second, it provides no support for the majority's determination that the 20-day period started to run when it was signed for by Phillips on March 20, 1993, after it had been forwarded there from the Mattis Avenue address by parties unknown. I believe the Commission's persistence in sending correspondence to Kelso at the Mattis Avenue address, despite the fact that correspondence from Kelso as early as June 1992 indicated that this was no longer his address, gives rise to the inference that not only did the Commission fail to update its records when Kelso moved to the Urbana address, it likewise failed to update its records when he moved to the Trade Center Drive address.

The record demonstrates that Frank's petition for review was filed on April 16, 1993, exactly 20 days after Kelso received a copy of the Commission's decision on March 27, 1993.

220

Further, I believe that the majority's holding in the present case is in conflict with the well-settled principle that the law favors resolutions on the merits (see *Venzor v. Carmen's Pizza Corp.* (1992), 235 Ill. App. 3d 1053, 1058, 602 N.E.2d 81, 84, citing *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 108-09, 167 N.E.2d 799, 803; *Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 638, 536 N.E.2d 125, 129.) To completely deny claimant a right to appeal under these circumstances elevates form over substance and runs counter to the preferred tendency "to prevent technicalities from depriving a party of the right to be heard." *Berry v. Industrial Comm'n* (1973), 55 Ill. 2d 274, 278, 302 N.E.2d 277, 280, citing *Republic Steel Corp. v. Industrial Comm'n* (1964), 30 Ill. 2d 311, 196 N.E.2d 654.