RICHARD PERRY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Diatec Environmental, Appellee).

Second District No. 2—98—0761WC

Opinion filed April 20, 1999.—Rehearing denied June 7, 1999.

Richard H. Victor, of Goldstein, Fishman, Bender & Romanoff, of Chicago, for appellant.

Sam J. Cerniglia and John H. Guill, both of Roddy, Power, Leahy, Guill, Zima & Gifford, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Richard Perry appeals from the order of the circuit court of Kane County confirming two decisions of the Industrial Commission (Commission) denying benefits. The arbitrator found claimant failed to prove he suffered accidental injuries arising out of and in the course of his employment with respondent employer Diatec Environmental (Diatec) on June 11, 1990, or September 26, 1991, as alleged by claimant in two consolidated claims. The Commission affirmed both without dissent. The issue on appeal is whether the findings of no accidental injury arising out of and in the course of claimant's employment on June 11, 1990, and September 26, 1991, were against the manifest weight of the evidence. We vacate the judgment of the circuit court and dismiss the appeal for lack of jurisdiction.

On February 24, 1993, claimant filed two applications for adjustment of claims. In No. 93—WC—9890, claimant alleged an accident on June 11, 1990, in which he injured his left arm while pushing a drum. In No. 93—WC—9891, claimant alleged an injury on September 26, 1991, to his back, neck, and right arm while pushing and pulling material.

The arbitrator found claimant did not suffer an accident in the course and scope of his employment on June 11, 1990, and claimant failed to prove an accident arising out of and in the course of his employment on September 26, 1991. The Commission affirmed and adopted the findings by the arbitrator.

In the appellee's brief, respondent suggests this court does not have jurisdiction to review the Commission's decision regarding the injury of June 11, 1990 (Nos. 93—WC—9890, 97—IIC—0414), because claimant failed to perfect a judicial review. The claimant has not filed a reply brief, so we do not have claimant's perspective on this question.

In the circuit court of Kane County, claimant filed a "Complaint for Review by the Circuit Court of Decision and Opinion on Review of the Industrial Commission." Both the Commission and Diatec were named as defendants. Attached were photocopies of the Commission decision in No. 97—IIC—0415 (No. 93—WC—9891) and the arbitrator's memorandum of decision in that case. Also filed was a request for summons and review, a copy of the certificate that it had been mailed to the Commission, a "Summons—Workers Compensation Review" directed to Diatec, a summons in administrative review directed to the Commission, and an entry of appearance. There is no reference in these documents to a request for judicial review of No. 97—IIC—0414. However, the first documents in the record even preceding this complaint are photocopies of the Commission and arbitrator decisions in No. 97—IIC—0414.

The parties were directed to address at oral argument whether this court has jurisdiction of the entire appeal because claimant failed to file in the circuit court evidence of payment to the Commission for the cost of preparing the record. Both parties filed responses to the rule to show cause. Attached to claimant's response is a photocopy of payment to the circuit clerk dated July 1, 1998, for fees for preparation of the record with regard to the appeal to this court, not with respect to the review proceeding from the Commission to the circuit court.

■ This is a judicial review proceeding pursuant to section 19(f) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f) (West 1996)). The circuit court's jurisdiction is statutory, and compliance with statutory prerequisites is necessary for the circuit court to obtain subject matter jurisdiction. *Boalbey v. Industrial Comm'n*, 66 Ill. 2d 217, 218, 362 N.E.2d 286, 287 (1977); *Frank v. Industrial Comm'n*, 276 Ill. App. 3d 214, 217, 658 N.E.2d 488, 490 (1995). Compliance with the statutory requirements for the issuance of a summons must appear in the record. *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 508, 451 N.E.2d 866, 867 (1983); *Chicago Transit Authority v. Industrial Comm'n*, 238 Ill. App. 3d 202, 205, 606 N.E.2d 236, 239 (1992).

■ ■ Section 19(f)(1) of the Act states in relevant part:

"In its decision on review the Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a part of the summons in that case and no request for a summons may be filed and *no summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the [c]ircuit [c]ourt proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that*

*payment has been made* of the sums so determined to the Secretary or Assistant Secretary of the Commission, except as otherwise provided by [s]ection 20 of this Act." (Emphasis added.) 820 ILCS 305/19(f)(1) (West 1996).

In each Commission decision in the case at bar, the fee was set at $35. The record in this case does not contain a receipt or an affidavit of claimant's attorney indicating payment to the Commission in either case. Nor is there anything in the record that indicates the circuit clerk took action to verify with the Commission that payment had been made. In this case, compliance with the statute has not been demonstrated in the record and the circuit court did not have jurisdiction. *McGehee v. Industrial Comm'n*, 160 Ill. App. 3d 618, 622-23, 513 N.E.2d 1136, 1138-39 (1987). Distinguishable from this case is the decision in *Lasley Construction Co. v. Industrial Comm'n*, 274 Ill. App. 3d 890, 894, 655 N.E.2d 5, 8 (1995), in which the question involved was the sufficiency of the attorney's affidavit.

Claimant's motion to supplement the record with a copy of a receipt of payment to the circuit clerk with respect to the cost of appeal to this court is denied since that is irrelevant to the issue on appeal. Moreover, even if claimant had attempted to submit a copy of the Commission's receipt in this fashion, it would have been untimely since filing it now could not have retroactively vested the circuit court with jurisdiction.

In *Lasley*, the employer filed a motion to dismiss the appeal, which was taken with the case. Raising the issue of jurisdiction upon motion is preferable to raising it for the first time in the appellee's brief.

The judgment of the circuit court of Kane County is vacated, and the appeal is dismissed.

Judgment vacated; appeal dismissed.

RAKOWSKI, COLWELL, HOLDRIDGE and RARICK, JJ., concur.