THE ROCKFORD HOUSING AUTHORITY, Plaintiff-Appellee, v. DOROTHY DONAHUE, Defendant-Appellant.

Second District    No. 2—01—1129

Opinion filed February 28, 2003.

Grant Nyhammer, of Prairie State Legal Services, Inc., of Rockford, for appellant.

Timothy F. Horning, of Meyer & Horning, P.C., of Rockford, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, the Rockford Housing Authority, filed a forcible entry and detainer complaint against defendant, Dorothy Donahue. The trial court defaulted defendant because she did not file a written appearance or pay the required filing fee before trial. The court refused to vacate the default judgment. Defendant appeals, contending that (1) Supreme Court Rule 181(b) (166 Ill. 2d R. 181(b)) does not require a written appearance in a forcible entry and detainer action; (2) because no written appearance was required, the court erred in defaulting plaintiff for not filing one; and (3) the court erred by refusing to vacate the default judgment. Because we agree with defendant's

third contention, we reverse the judgment on that basis without deciding the other two issues.

Plaintiff is a public housing agency. Defendant and her two children live in an apartment pursuant to a lease with plaintiff, which receives a rental subsidy from the United States Department of Housing and Urban Development.

Plaintiff filed a complaint against defendant alleging that she breached a lease provision prohibiting criminal conduct by tenants when she was arrested for disorderly conduct after fighting with Leticia Chears. On July 23, 2001, defendant was served with a summons that required her to "appear" on August 16, 2001. Defendant appeared in court *pro se* on that date, denied the complaint's allegations, and requested a trial.

While in court, defendant was given a "NOTICE TO FORCIBLE DETAINER DEFENDANTS." The notice states that if defendant did not pay a fee of $70 at least 48 hours before the next court date she would be defaulted and prevented from participating in the trial. It states that the fee could be waived for financial need. The notice does not mention filing an appearance or answer and is not signed by the judge. Trial was set for September 13, 2001.

On September 13, defendant again appeared *pro se* and requested additional time to pay the filing fee. However, the court found her in default for failing to file an appearance and entered judgment against her. Later that day, defendant filed a *pro se* motion requesting additional time to pay the filing fee.

Defendant then retained Prairie State Legal Services (Prairie State), which, on September 20, 2001, filed a verified motion to vacate the default judgment. The motion alleges that defendant was acting in self-defense when she fought with Chears. Prairie State also filed a certification pursuant to section 5—105.5(b) of the Code of Civil Procedure (735 ILCS 5/5—105.5(b) (West 2000)) that resulted in waiving all fees for defendant.

On September 27, 2001, the court denied the motion to vacate. The court's written order states that "Defendant's verified motion to vacate is denied for the same reasons she was originally defaulted on September 13, 2001." Defendant timely appeals.

The parties dispute whether defendant should have been required to file a written appearance at all. See 166 Ill. 2d R. 181. Defendant contends that no written appearance was required and, therefore, the court erred in defaulting her for not filing one. However, we need not resolve these issues because, even if the court properly defaulted defendant, it should have exercised its discretion to vacate the default.

■ Although the court may enter a default judgment for want of

an appearance, a default judgment is a drastic measure, not to be encouraged and to be employed only as a last resort. *Biscan v. Village of Melrose Park Board of Fire & Police Commissioners*, 277 Ill. App. 3d 844, 848 (1996). Once the court does enter a default judgment, it may exercise its discretion to set aside the default "upon any terms and conditions that shall be reasonable." 735 ILCS 5/2—1301(e) (West 2000).

■ A trial court's refusal to vacate a default judgment may be reversed because of a denial of substantial justice or for an abuse of discretion. *Venzor v. Carmen's Pizza Corp.*, 235 Ill. App. 3d 1053, 1056-57 (1992). Factors in deciding whether a default order accomplishes substantial justice include the severity of the penalty to the defendant and the attendant hardship on the plaintiff if it is forced to proceed to trial. *Venzor*, 235 Ill. App. 3d at 1057-58.

Here, defendant received a summons that instructed her to appear on August 16. It did not require defendant to do anything else. She appeared in court on August 16 but received a "notice" stating that she had to file a written appearance and pay a filing fee before trial. The legal efficacy of this notice is not clear, given that no local rule specifically authorizes this notice and it is not signed by a judge.

Defendant then appeared on the trial date but was defaulted because she had not paid the appearance fee. Defendant's subsequent pleadings make it appear that the only reason she failed to pay the appearance fee was that she could not afford to do so. Plaintiff does not dispute this fact.

After being defaulted, defendant immediately filed a *pro se* motion seeking more time to pay the filing fee. Within a week, she contacted Prairie State, which filed a written appearance and obtained a waiver of the fee.

This sequence of events does not demonstrate the repeated flouting of the court's authority or deliberate indifference to its commands that will justify a default judgment. In *Wilkin Insulation Co. v. Holtz*, 186 Ill. App. 3d 151 (1989), which plaintiff cites, the court had already entered and vacated three default judgments against the third-party defendant before declining to vacate the fourth one. In affirming, the appellate court observed that *repeated* violations of a court's orders would justify a default. *Wilkin*, 186 Ill. App. 3d at 155-56.

In *Venzor*, defendant stated that he failed to respond to the summons because of "ignorance." While we termed this a "poor excuse" (*Venzor*, 234 Ill. App. 3d at 1058), we nevertheless reversed the $100,000 default judgment against defendant. We stated, "We fail to see how justice demands [that defendant] pay such an amount for his default, particularly where no evidence has been presented indicating

that his failure to respond to the summons amounted to a contumacious flouting of judicial authority ***." *Venzor*, 235 Ill. App. 3d at 1059.

The same reasoning applies here. Defendant appeared in court each time the case was called. There is absolutely no evidence that she was deliberately indifferent to the court's authority. Apparently, she failed to pay the filing fee because she could not afford it. The notice she received does not explain how to obtain a fee waiver. This conduct does not warrant the ultimate sanction of a default judgment.

Plaintiff argues that forcible entry actions are meant to be expeditious proceedings and that tolerating even minimal delays will destroy the efficacy of this procedure. The problem with this argument is that defendant never sought to delay the proceedings. Indeed, she appeared on the date specified and requested a trial. She appeared on the trial date. Apparently, had the court been willing to waive the appearance fee, a trial could have proceeded at that time. It was only *after* she was defaulted that defendant sought more time to pay the filing fee. Within a week, she moved to vacate the default judgment. Defendant simply did nothing to delay the proceedings.

Plaintiff contends that the court was justified in refusing to vacate the default judgment because defendant was aware of what she needed to do to contest the case but failed to do so. Of course, the entry of a default judgment presupposes that a defendant was aware of what needed to be done and failed to do it. However, section 2—1301(e) gives the court discretion to vacate the default upon terms that are "reasonable." 735 ILCS 5/2—1301(e) (West 2000). If the same failure to act that caused the default in the first place automatically justified the failure to vacate the default, section 2—1301(e) would be meaningless: there would never be a situation where a default judgment was vacated.

■ Plaintiff's argument is ironic because plaintiff all but concedes that the summons it served on defendant did not comply with Supreme Court Rule 101(b) (166 Ill. 2d R. 101(b)). Rule 101(b) requires that a summons contain a "NOTICE TO DEFENDANTS," where simple and specific instructions outlining the procedure for an appearance "shall be set out." 166 Ill. 2d R. 101(b). As plaintiff acknowledges, the summons in this case does not contain such a notice, but plaintiff argues that the notice given to defendant on the appearance date was a belated attempt to comply with the rule. However, while plaintiff reminds defendant that "[c]ourt rules are not merely suggestions to be complied with if convenient" and insists that the harshest possible penalty is appropriate for the *pro se* defendant for her single failure to comply with the instructions on the notice form, plaintiff asks us to

overlook its own failure to comply with Rule 101(b) because the court belatedly attempted to correct the mistake.

A summons is a formal document that must be served in one of the specified ways to ensure that a defendant actually receives it. See 735 ILCS 5/2—203 (West 2000). The notice to defendants is an informal slip of paper that could easily be lost or disregarded in the often chaotic conditions of a busy courtroom. Presumably for this reason, the supreme court chose to require that the information on how to appear and contest the case be included in the summons, not merely given to a defendant whenever convenient.

■ Plaintiff's double standard is further reflected in its argument that, although defendant will lose her home if the default judgment is affirmed, "[l]oss of housing can be no more drastic to a defendant than a money judgment." Plaintiff also suggests that defendant's case should not receive "heightened scrutiny" merely because she and her children will be left homeless. However, in the next paragraph of its brief, plaintiff complains that it will suffer numerous "hardships" if it is forced to present its case on the merits. We disagree and find that defendant will suffer a greater hardship if she is evicted from her home without receiving her day in court than will plaintiff if it is merely required to prove the merits of its case.

The judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HUTCHINSON, P.J., and BOWMAN, J., concur.