JILL BRACY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Dental Arts Laboratory, Appellee).

Third District    No. 3—02—0198WC

Opinion filed April 22, 2003.

Jill Bracy, of Peoria, appellant *pro se.*

Brad A. Elward, Karen L. Kendall, Bradford B. Ingram, and James J. Manning, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellee Dental Arts Laboratory.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant Jill Bracy appeals *pro se* from an order of the circuit court of Peoria County confirming a decision of the Industrial Commission of Illinois (Commission). Respondent employer is Dental Arts Laboratory.

The arbitrator found that claimant failed to prove an accidental injury arising out of and in the course of her employment with respondent and that her conditions of ill-being were causally related to the alleged accidental injury. The Commission affirmed and adopted

the arbitrator's decision. Taken with the case are respondent's motion to dismiss the appeal and claimant's response thereto. Finding the circuit court had no jurisdiction, we vacate the order of the circuit court and dismiss this appeal.

■ This is a judicial review proceeding pursuant to section 19(f) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f) (West 2000)). The jurisdiction of the circuit court is statutory, and compliance with statutory prerequisites is necessary for the circuit court to have subject matter jurisdiction. *Boalbey v. Industrial Comm'n*, 66 Ill. 2d 217, 218, 362 N.E.2d 286, 287 (1977); *Frank v. Industrial Comm'n*, 276 Ill. App. 3d 214, 217, 658 N.E.2d 488, 490 (1995). Compliance with the statutory requirements for issuance of summons must appear of record. *Arrington v. Industrial Comm'n*, 96 Ill. 2d 505, 508, 451 N.E.2d 866, 867 (1983); *Perry v. Industrial Comm'n*, 304 Ill. App. 3d 284, 286, 710 N.E.2d 497, 498 (1999). *Pro se* litigants are required to comply with the same rules of procedure as are required of litigants represented by counsel. See *Kole v. Brubaker*, 325 Ill. App. 3d 944, 952, 759 N.E.2d 129, 135 (2001).

Section 19(f)(1) of the Act sets forth the procedures to be followed in a proceeding for review.

The Commission decision was issued on March 20, 2000, and respondent's attorney received a copy of the decision on March 27, 2000. The office of respondent's attorney is located in Peoria, Illinois. The record reflects that claimant informed the Commission that her copy of the decision should be mailed to her at "PO Box 6164, Peoria, IL, 61601." In her response to the motion to dismiss, claimant did not include an affidavit stating the date on which she received her copy of the Commission decision. In her response, claimant incorrectly states that the Commission decision was filed on March 7, 2000. She then states that the decision was mailed to her by certified mail on March 31, 2000, and received by her on April 5, 2000. Attached to claimant's response to the motion to dismiss as exhibit 5 was a copy of an envelope addressed to claimant from the Commission with a certified mail return receipt requested tag No. P562185 and a postmark from Chicago, Illinois, of March 31, 2000. However, the record and the claimant's response to the motion to dismiss do not contain the return receipt showing when claimant received the envelope. The record does not establish that the judicial review proceeding was instituted within the 20-day statutory period.

■ Claimant did not follow the procedures set forth by section 19(f)(1), but instead filed a complaint, demanding jury trial, praying for judgment against respondent for neglect and restitution. Claimant filed the complaint on April 24, 2000. Attached to the complaint was a

copy of the Commission decision. With the complaint, claimant filed a "Notice of Appeal/Right to Sue." Both of those pleadings contained a proof of service indicating that on April 24, 2000, she mailed copies of those documents to respondent. On April 24, 2000, claimant also filed in the circuit court an application to proceed as a poor person. On May 1, 2000, claimant filed four 30-day summonses to be served on respondent and each of the commissioners that participated in the Commission decision.

The record does not contain a request for summons filed by claimant in the circuit court or evidence that claimant filed in the circuit court a receipt from the Commission for payment of the record preparation cost. Pursuant to section 19(f)(1), the Commission's decision set the fee to prepare the record at $35. A failure to file proof of payment for record preparation to the Commission deprives the circuit court of jurisdiction. *Perry*, 304 Ill. App. 3d at 287, 710 N.E.2d at 498. The record also does not show that claimant filed in the circuit court an affidavit indicating that she had paid the Commission for record preparation. See *Lasley Construction Co. v. Industrial Comm'n*, 274 Ill. App. 3d 890, 894, 655 N.E.2d 5, 8 (1995).

Section 19(f)(1) of the Act does permit a review to proceed, in lieu of payment of the fee, if the Commission shall be satisfied that the employee is a poor person and unable to pay the costs and expenses provided for by the Act (820 ILCS 305/20 (West 2000)). When a claimant files in the circuit court proof of the Commission granting her section 20 status, even though such proof was not filed at the time of instituting the judicial review proceeding, this court has found jurisdiction based on the fact that the Commission granted section 20 status within the 20-day time limit for instituting the judicial review. *Jackson v. Industrial Comm'n*, 308 Ill. App. 3d 296, 299, 719 N.E.2d 1159, 1165-66 (1999). See *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 689, 691 N.E.2d 134, 137 (1998) (evidence of compliance with the statute may be filed outside the 20-day statutorily required period in order to address a motion challenging the jurisdiction of the court).

Claimant did attach to her response to the motion to dismiss a copy of a notice of motion she filed in the Commission on April 1, 1999, seeking section 20 status. Commissioner Douglas F. Stevenson granted the motion on April 29, 1999, some 10 months prior to the Commission's March 20, 2000, decision. Claimant's motion and the transcript of the motion hearing before Commissioner Stevenson were included in the record prepared by the Commission and certified to the circuit court. Because claimant had section 20 status at the time she filed the pleadings in the circuit court, we decline to find that the circuit court was deprived of jurisdiction on the basis that she failed to

file proof of payment or excuse from payment of record preparation costs at the time of instituting the judicial review proceeding.

However, claimant failed to file a written request for summons. The failure to file a written request for issuance of summons deprived the circuit court of subject matter jurisdiction. *Fisher v. Industrial Comm'n*, 231 Ill. App. 3d 1061, 1064-65, 596 N.E.2d 831, 833-34 (1992). In *Fisher*, the appellate court relied upon *Whitmer v. Industrial Comm'n*, 187 Ill. App. 3d 409, 411, 549 N.E.2d 353, 354 (1989), and *Taylor v. Industrial Comm'n*, 221 Ill. App. 3d 701, 703, 583 N.E.2d 4, 6 (1991). We have reviewed all of the documents filed by claimant in the circuit court on April 24, 2000, and none of those documents request the issuance of summons. Claimant's filing of the four 30-day summonses on May 1, 2000, directed to respondent and each of the commissioners, is not compliance with the Act. As in *Whitmer*, *Taylor*, and *Fisher*, the fact that summons issued does not excuse the statutory requirement of filing a request for summons.

The order of the circuit court of Peoria County is vacated, and this appeal is dismissed.

Judgment vacated; appeal dismissed.

HOFFMAN, O'MALLEY, HOLDRIDGE, and GOLDENHERSH, JJ., concur.