2020 IL App (2d) 170898-U
Nos. 2-17-0898 & 2-18-0471 cons.
Order filed August 11, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-TR-65623 |
| JOHN R. ZEMATER JR., | ) ) | Honorable James C. Hallock, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's inherent authority to control its docket justified the court in entering its third *ex parte* judgment against defendant for failing to appear at trial on his ticket for a moving violation, where defendant had failed to appear at trial twice before and the court had vacated the *ex parte* judgments it entered on those occasions. The court did not err in refusing to vacate the third *ex parte* judgment, as defendant had exhibited a pattern of deliberate delay or lack of diligence in the case.

¶ 2    Defendant, John R. Zemater Jr., was ticketed for failing to reduce speed to avoid an accident (625 ILCS 5/11-601(a) (West 2014)). The charge was later amended to improper lane usage (625 ILCS 5/11-709(a) (West 2014)). When he failed to appear for trial, the trial court

entered an *ex parte* judgment against him. The court denied defendant's motion to vacate the judgment. Defendant also filed a petition pursuant to section 2-1401(a) of the Code of Civil Procedure (735 ILCS 5/2-1401(a) (West 2018)). The trial court denied the petition. Defendant appeals both judgments, contending that (1) the court abused its discretion by refusing to vacate the judgment; (2) the *ex parte* judgment was unauthorized under Illinois Supreme Court Rule 556 (eff. Jan. 15, 2015); and (3) the court erred by denying his section 2-1401 petition. We affirm.

¶ 3                                                   I. BACKGROUND

¶ 4     On December 28, 2015, defendant's car struck one belonging to Benjamin Villanueva. Defendant was ticketed for failing to reduce speed to avoid an accident. The officer who wrote the ticket listed a January 21, 2016, court date, but checked a box stating that no court appearance was required. Defendant did not sign the ticket.

¶ 5     Defendant completed the back of the ticket by stating that he wished to plead "not guilty" and wanted a trial by judge. Villanueva was issued a notice to appear and a bench trial was set for February 25, 2016.

¶ 6     On that date, defendant did not appear and the trial court entered an *ex parte* judgment of conviction. Defendant moved to vacate it, stating that he had become ill "during the evening hours of 2-24-16." Defendant asserted that, because he did not sign the ticket, the court could not enter an *ex parte* judgment against him. The court vacated the judgment and scheduled a bench trial for June 2, 2016.

¶ 7     At the June 2 bench trial, the court found defendant guilty. Defendant moved to vacate the judgment, arguing that his not-guilty plea and request for a bench trial on the back of the ticket did not evidence his understanding waiver of the right to a jury trial. The court granted the motion and continued the matter to August 31, 2016. On September 8, 2016, the court disposed of various

motions and entered a notation that defendant had been "admonished with respect to a trial in absentia." The case was continued several additional times.

¶ 8    On January 17, 2017, the trial court entered an *ex parte* judgment against defendant for $155. Defendant moved to vacate the judgment, asserting that he "had become ill during the evening hours of 1-16-2017." The court granted the motion.

¶ 9    On May 3, 2017, the court again admonished defendant about the possibility of trial *in absentia* and scheduled a jury trial for July 10, 2017. Villanueva and the police officer were in court on that date, but defendant did not appear. The court entered an *ex parte* judgment for $120. Later that day, defendant appeared and moved to vacate the *ex parte* judgment, contending that car trouble prevented him from making it to court on time.

¶ 10   The court denied the motion, noting that it was defendant's "third ex parte judgment." The court denied defendant's motion to reconsider that ruling and defendant timely appealed. Defendant also filed a petition pursuant to section 2-1401 raising several arguments that he had previously raised. The court denied the petition and defendant timely appealed. We consolidated the appeals.

¶ 11                                  II. ANALYSIS

¶ 12   Defendant, appearing *pro se*, raises several contentions, which can be summarized as follows: (1) the court abused its discretion in denying the motion to vacate because defendant presented a valid reason for missing court; (2) the court was not authorized to enter an *ex parte* judgment because defendant neither posted cash bail, signed the ticket, nor received a notice to appear; and (3) the court erred in denying his section 2-1401 petition.

¶ 13   Defendant first contends that the trial court abused its discretion by refusing to vacate the judgment. Generally, entering a default judgment is within the trial court's discretion. *Wilkin*

*Insulation Co. v. Holtz*, 186 Ill. App. 3d 151, 155 (1989). Once it has done so, a court may exercise its discretion to vacate the judgment. 735 ILCS 5/2-1301(e) (West 2018) (court has discretion, before final order or judgment, to set aside any default). A court's refusal to vacate a default judgment may be reversed because of a denial of substantial justice or for an abuse of discretion. *Rockford Housing Authority v. Donahue*, 337 Ill. App. 3d 571, 574 (2003). "A defendant who has shown a pattern of deliberate delay or a lack of diligence and has ignored the court's commands or treated them with indifference does not have the right to insist he be allowed to defend." *Wilkin Insulation*, 186 Ill. App. 3d at 155.

¶ 14     Here, the court did not abuse its discretion by denying the motion to vacate. As the court noted, this was the third time defendant sought to vacate an *ex parte* judgment. The record shows that defendant filed numerous motions in this case and was consistently able to attend court for hearings on his motions and other court dates, including his June 2, 2016, bench trial. However, three times, when the case was called for trial, defendant missed court, claiming to have become ill the night before or have car trouble on the morning of trial. The court could reasonably conclude that this was not a string of coincidences or bad luck, but demonstrated a "pattern of deliberate delay or lack of diligence." *Id.*

¶ 15     Defendant cites *In re Haley D.*, 2011 IL 110886, for the proposition that transportation problems are a valid excuse for missing court. That case is distinguishable for the simple reason that it was the first time that the respondent had missed court. *Id.* ¶¶ 70, 80. *Haley D.* does not represent the repeated pattern of disregard shown here.

¶ 16     Defendant next contends that the court lacked the authority to impose an *ex parte* judgment under Illinois Supreme Court Rule 556. At the time defendant was ticketed, Illinois Supreme Court Rule 556(b) (eff. Jan. 1, 2015), provided as follows:

"In all cases in which a court appearance is not required under Rule 551 and cash bail is posted or a bond certificate deposited, the defendant shall be provided with a statement, in substantially the following form, on the 'Complaint' or on the bond form:

'In the event you fail to appear in court to answer a charge that does not require you to appear in court, you thereby consent to the entry of a judgment against you in the amount of all applicable fines, penalties and costs, and the application of the cash bail or other security you have deposited to their payment and satisfaction.'

If the defendant does not appear on the date set for appearance, or any date to which the case may be continued, the court may enter an *ex parte* judgment against the defendant assessing fines, penalties and costs in an amount equal to the cash bail required by this article."

¶ 17　Defendant contends that, because he neither signed the citation, signed the ticket, nor posted cash bail, Rule 556 does not apply. However, Rule 556 is not the only basis for imposing a judgment against defendant. Assuming, *arguendo*, that the rule is inapplicable, the court nevertheless acted within its discretion in entering judgment against defendant.

¶ 18　The obvious purpose of Rule 556 is to prevent officers and other witnesses from having to make multiple appearances. It was not intended to provide defendants with a means to indefinitely delay the proceedings. In this case, proceedings on a routine traffic ticket have now dragged on for more than four years. A trial court possesses the inherent authority to control its own docket to prevent undue delays in the disposition of cases caused by abuses of the litigation process. *J.S.A. v. M.H.*, 224 Ill. 2d 182, 196 (2007).

¶ 19　After the June 2, 2016 judgment was vacated, defendant demanded a jury trial and a January 17, 2017, trial date was set. Another default judgment was entered, which defendant

successfully moved to vacate. On May 3, 2017, defendant was notified of the July 10, 2017, trial date. The order entered on May 3 shows that defendant was admonished about the possibility of a trial *in absentia* and warned that "[t]rial counsel and defendant(s) must be present" at that time. Thus, defendant was clearly aware of the new trial date and that his presence was required, yet he again failed to appear for trial. Given his repeated disregard of the court's directives, the court did not abuse its discretion in failing to vacate the default judgment. Considering defendant's prior failures to appear for trial, the order was within the trial court's inherent authority to control its docket and sanction noncompliance with its orders.

¶ 20    In *Wilkin Insulation*, the court noted the defendant's repeated failures to comply with the trial court's orders. *Wilkin Insulation*, 186 Ill. App. 3d at 155. The court held that, under the circumstances, these failures justified the default judgment. *Id.* at 155-56. So too here.

¶ 21    Defendant's final contention is that the court erred by denying his section 2-1401 petition. That section provides a comprehensive statutory procedure by which final orders, judgments, and decrees may be vacated "after 30 days from the entry thereof." 735 ILCS 5/2-1401(a) (West 2018); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986). To be entitled to relief under this section, a petitioner must establish: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 37. In his reply brief, defendant acknowledges that his petition presented "the exact same" arguments he had raised previously in seeking to vacate the judgment. Because we conclude that the court properly rejected those arguments, it follows that the court properly dismissed the section 2-1401 petition.

¶ 22                              II. CONCLUSION

¶ 23    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24    Affirmed.